## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:22-cv-00298-HCN-JCB**<br><br><br>**District Judge Howard C. Nielson, Jr.**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff Samuel L. Biers ("Mr. Biers") has filed an Ex Parte Motion to Reassign, Review Case, and Expedite Service.[2] As it relates to the undersigned, Mr. Beirs's motion seeks disqualification of the undersigned and an order for expedited service of process.[3] Based upon the analysis set forth below, the undersigned denies Mr. Biers's request to disqualify and denies as moot Mr. Biers's request for an order for expedited service of process.

---

[1] ECF No. 10.

[2] ECF No. 17.

[3] Mr. Biers's motion also seeks: (1) disqualification of District Judge Howard C. Nielson, Jr.; and (2) an order striking Judge Nielson's Order denying Mr. Biers's motion for a temporary restraining order. ECF No. 12. Because those requests for relief do not implicate the undersigned, they will not be addressed here.

**BACKGROUND**

On May 2, 2022, Mr. Biers moved the court to proceed in forma pauperis in this case under 28 U.S.C. § 1915 ("IFP Statute").[4] The following day, the undersigned granted Mr. Biers's motion,[5] and Mr. Biers's complaint was filed and assigned to the undersigned.[6] Mr. Biers also moved the court for: (1) a temporary restraining order or, alternatively, a preliminary injunction against the defendants named in his complaint (collectively, "Defendants");[7] and (2) service of process.[8]

Along with his motion to proceed in forma pauperis, Mr. Biers submitted, among other things, a court form indicating that he declined consent to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 ("Consent Form"). Due to a clerical error, the Consent Form was entered in the docket but was later removed. As a result of the Consent Form, this case was reassigned to District Judge Jill N. Parrish as the presiding judge and, under the authority General Order 20-034, automatically referred to the undersigned under 28 U.S.C. § 636(b)(1)(B).[9] After Judge Parrish recused herself, this case was reassigned to Judge Nielson as the presiding judge.[10]

---

[4] ECF No. 1.

[5] ECF No. 4.

[6] ECF No. 5.

[7] ECF No. 7.

[8] ECF No. 8.

[9] ECF No. 10.

[10] ECF No. 11.

On May 4, 2022, Judge Nielson denied Mr. Biers's request for a temporary restraining order and referred Mr. Biers's request for a preliminary injunction to the undersigned.[11] The following day, the undersigned issued an Order on Mr. Biers's motion for service of process.[12] In that Order, the undersigned noted that: (1) when a case is proceeding under the IFP Statute, like this case, the officers of the court are required to issue and serve all process and perform all duties related to service of process;[13] (2) the IFP Statute and DUCivR 3-2(b) allow the undersigned to screen Mr. Biers's complaint to determine whether it should be served upon Defendants or dismissed;[14] (3) because that screening process had not yet been completed, the undersigned had not yet determined whether Mr. Biers's complaint should indeed be served on Defendants; and (4) once the undersigned completed the screening process, the undersigned would make that determination. For those reasons, the undersigned denied Mr. Biers's motion for service of process. On May 26, 2022, Mr. Biers filed the motion currently before the court.[15]

## ANALYSIS

As indicated above, as it relates to the undersigned, Mr. Beirs's motion seeks both to disqualify of the undersigned[16] and an order to expedite service of process. The undersigned

---

[11] ECF No. 12.

[12] ECF No. 14.

[13] 28 U.S.C. § 1915(d); DUCivR 3-2(c).

[14] 28 U.S.C. § 1915(e)(2)(B); DUCivR 3-2(b).

[15] ECF No. 17.

[16] The court acknowledges that Mr. Biers requests that Chief District Judge Robert J. Shelby make the determination about disqualification of the undersigned. Although Mr. Biers does not cite any authority to support his request, DUCivR 83-2(a)(2) provides that "the Chief Judge may sua sponte assign or reassign any case upon a finding that the assignment or reassignment is

addresses each of Mr. Biers's requests for relief in turn below. Based upon the following

analysis, the undersigned: (I) denies Mr. Biers's request to disqualify; and (II) denies as moot Mr.

Biers's request for an order for expedited service of process.

## I.      Mr. Biers's Request to Disqualify the Undersigned Is Denied.

Mr. Biers argues that the undersigned should be disqualified because: (A) the

undersigned cannot be impartial in this case; (B) the undersigned's prior governmental

employment as an attorney with the United States Department of the Interior ("DOI") requires

disqualification; and (C) the undersigned has made a "false assertion" of jurisdiction in this case

under 28 U.S.C. § 636(b)(1)(B).[17] The undersigned addresses each of Mr. Biers's arguments

below and concludes that they fail. Therefore, the undersigned denies Mr. Biers's request to

disqualify.

### A.      Mr. Biers Fails to Demonstrate That the Undersigned's Impartiality Might Reasonably Be Questioned.

Mr. Biers argues that the undersigned cannot be impartial in this case because of: (1) the

inadvertent filing of the Consent Form; and (2) the undersigned's prior employment as an

attorney with the DOI. Below, the undersigned sets forth the legal standards governing Mr.

Biers's arguments, then addresses each of those arguments. For the reasons set forth below, the

undersigned concludes that both of Mr. Biers's arguments fail.

---

necessary for the efficient administration of justice." As shown below, Mr. Biers's conclusory
and speculative assertions about the undersigned's bias or impartiality fail to show any possible
basis for a finding that reassignment of this case is "necessary for the efficient administration of
justice." *Id.* Therefore, there is no basis for Chief Judge Shelby to address Mr. Biers's request for
disqualification of the undersigned, and, consequently, the undersigned addresses the request.

[17] ECF No. 17 at 5.

Although not cited by Mr. Biers, his argument is governed by 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under section 455(a), "[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[18] In considering that test, the undersigned is mindful that "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."[19] Additionally, section 455(a) "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[20] Finally, "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not sufficient grounds for disqualification under section 455(a).[21]

Mr. Biers first argues that the inadvertent filing of the Consent Form made the undersigned aware of Mr. Biers's decision to decline consent to the jurisdiction of a magistrate

---

[18] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam); *see also In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004) ("Section 455 contains an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.").

[19] *Hinman*, 831 F.2d at 939; *see also United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) ("Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and [section 455(a)] must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." (quotations, citations, and emphasis omitted)).

[20] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

[21] *Id.*; *see also Hinman*, 831 F.2d at 939 ("A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

judge, which, according to Mr. Biers, renders the undersigned unable to be impartial in this case. However, Mr. Biers fails to identify any rulings from or conduct of the undersigned that would demonstrate any lack of impartiality. Instead, Mr. Biers merely speculates that the undersigned is unable to be impartial.[22] That argument must fail because "[a]n unsubstantiated suggestion of personal bias or prejudice is insufficient to mandate recusal under section 455(a)."[23]

Mr. Biers also argues that the undersigned cannot be impartial because of the undersigned's prior employment as an attorney with the DOI. That argument likewise fails. When faced with a similar argument, a judge in the United States Claims Court concluded that "[m]ere discomfort with" the judge's prior employment with the DOI, "whether based on real or imagined prejudices in the [DOI], unsubstantiated by facts, falls well below the standard required by § 455(a)."[24] Here, Mr. Biers's speculative argument presents no facts that would call the

---

[22] In an attempt to support his argument that the undersigned cannot be impartial, Mr. Biers relies upon 28 U.S.C. § 636(c), which generally provides that parties may consent to the jurisdiction of a magistrate judge to conduct all proceedings in a civil case, including entry of final judgment, and specifically provides that a party is "free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(2). Mr. Biers makes the conclusory assertion that the inadvertent filing of the Consent Form has subjected him to such adverse substantive consequences, yet he fails to identify even one instance in which the undersigned has showed impartiality or bias. Moreover, even if Mr. Biers's argument was based upon adverse rulings from the undersigned, that would not be a ground for disqualification under section 455(a). *Wells*, 873 F.3d at 1252 ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (quotations and citations omitted)); *Cooley*, 1 F.3d at 994 (providing that motions to disqualify will be denied if based on "prior rulings in the proceeding . . . solely because they were adverse").

[23] *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1027 (10th Cir. 1988).

[24] *Cherokee Nation of Okla. v. United States*, 26 Cl. Ct. 215, 219 (Cl. Ct. 1992).

undersigned's impartiality into question based upon the undersigned's prior employment with the DOI. Thus, Mr. Biers's argument fails.

**B.    The Undersigned's Prior Governmental Employment as an Attorney with the DOI Does Not Require Disqualification.**

Mr. Biers argues that the undersigned's prior governmental employment as an attorney with the DOI requires disqualification. Although Mr. Biers again fails to cite any authority for his argument, it is governed by 28 U.S.C. § 455(b)(3), which provides that any justice, judge, or magistrate judge shall disqualify himself "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."[25] A "proceeding" is defined to include "pretrial, trial, appellate review, or other stages of litigation."[26] In interpreting section 455(b)(3), the United States Court of Appeals for the Tenth Circuit has held that

> before the presumption arises that a judge is in fact partial because of his past conduct as an attorney, a party seeking disqualification must show that the judge actually participated as counsel. Mandatory disqualification . . . is restricted to those cases in which a judge had previously taken a part, albeit small, in the investigation, preparation, or prosecution of a case.[27]

---

[25] The court notes that in addition to the ground for disqualification set forth in section 455(b)(3), there are additional grounds for disqualification under section 455(b). Because Mr. Biers's request for disqualification of the undersigned does not implicate any of the other grounds listed in section 455(b), the court will not address them.

[26] 28 U.S.C. § 455(d)(1).

[27] *United States v. Gipson*, 835 F.2d 1323, 1326 (10th Cir. 1988).

Mr. Biers's sole reason supporting his argument for disqualification of the undersigned under section 455(b)(3) based upon the undersigned's employment with the DOI is that "former and current [DOI] officers are defendants in this case."[28] However, Mr. Biers makes no argument, nor could he, that the undersigned participated as counsel for the DOI related to any aspect of this case. Indeed, the undersigned's tenure as an attorney with the DOI lasted from approximately 2002 to 2005, and this case was not filed until over sixteen years later. Thus, it is not possible that the undersigned "participated as counsel, adviser or material witness" in this case or "expressed an opinion concerning the merits" of this case.[29] Therefore, Mr. Biers fails to provide any basis for disqualification of the undersigned under section 455(b)(3).

## C.   The Undersigned Has Not Made a "False Assertion" of Jurisdiction Under 28 U.S.C. § 636(B)(1)(B).

Mr. Biers contends that the undersigned should be disqualified for making a "false assertion" of jurisdiction in this case under 28 U.S.C. § 636(b)(1)(B).[30] Mr. Biers is mistaken. Under General Order 20-034, all non-prisoner, pro se cases are required to be assigned initially to a magistrate judge. General Order 20-034 further provides that if a "pro se plaintiff . . . declines to consent, the Clerk's Office will randomly assign the case to a district judge and

---

[28] ECF No. 17 at 4.

[29] 28 U.S.C. § 455(b)(3); *see also, e.g.*, *Cherokee Nation of Okla.*, 26 Cl. Ct. at 219 (concluding that disqualification was not required under section 455(b)(3) where the judge departed employment with the DOI seven years prior to the filing of the complaint, and, thus, "it would have been physically impossible for [the judge] to have participated as 'counsel, adviser or material witness' in [the] proceeding," and he could not "have expressed an opinion concerning the merits of [the] case prior to joining the Claims Court for the same reason").

[30] ECF No. 17 at 5.

automatically enter a referral under 28 U.S.C. § 636(b)(1)(B) to the same magistrate judge who was initially assigned."[31] Here, this case was initially assigned to the undersigned.[32] Because Mr. Biers did not consent to the jurisdiction of a magistrate judge, this case was reassigned to a district judge as the presiding judge and automatically referred to the undersigned under 28 U.S.C. § 636(b)(1)(B).[33] Thus, contrary to Mr. Biers's argument, the undersigned did not falsely assert jurisdiction under 28 U.S.C. § 636(b)(1)(B). Therefore, Mr. Biers's motion to disqualify fails.

## II.   Mr. Biers's Request for an Order for Expedited Service of Process Is Denied as Moot.

Mr. Biers requests entry of an order for expedited service of process on Defendants. In a separate Order to be issued contemporaneously with this Memorandum Decision and Order, the court has determined on its own that, after screening Mr. Biers's complaint under the IFP Statute and DUCivR 3-2(b), service of process on Defendants is warranted. Because the court will order service of process on Defendants, Mr. Biers's request for an order for expedited service of process is denied as moot.

<u>**CONCLUSION AND ORDER**</u>

Based upon the foregoing, the undersigned HEREBY ORDERS:

1.      Mr. Biers's request to disqualify the undersigned is DENIED.

---

[31] General Order 20-034, ¶ 4.

[32] ECF No. 5.

[33] ECF No. 10.

2.      Mr. Biers's request for an order for expedited service of process is DENIED AS

MOOT.

IT IS SO ORDERED.

DATED this 29th day of June 2022.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge