## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court, | ORDER |
| Plaintiff, | |
| v. | Case No. 2:22-cv-00298-HCN-JCB |
| DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al., | |
| Defendants. | District Judge Howard C. Nielson, Jr. |
| | Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Pro se Plaintiff Samuel L. Biers ("Mr. Biers") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Before the court is the issue of service of process.

When a case is proceeding under the IFP Statute, the officers of the court are required to issue and serve all process and perform all duties related to service of process.[3] At the same time, the IFP Statute and DUCivR 3-2(b) allow the court to screen the complaint in such a case to

---

[1] ECF No. 10.

[2] ECF No. 4.

[3] 28 U.S.C. § 1915(d); DUCivR 3-2(c).

determine whether it should be served upon the named defendant(s) or dismissed.[4] The court has completed the screening of Mr. Biers's complaint and concludes that it states claims that are sufficiently cognizable to order service of process on the named defendants (collectively, "Defendants").

Turning to the issue of service of process, the court notes that Mr. Biers's complaint, including attachments, is 786 pages.[5] The Defendants consist of approximately 36 individuals, 2 government officials in their official capacity, and 8 entities. According to Mr. Biers's complaint, the Defendants reside in numerous different states.

Mr. Biers has also filed a motion for a temporary restraining order or, in the alternative, for a preliminary injunction ("Motion").[6] The Motion, with attachments, is 140 pages. District Judge Howard C. Neilson, Jr. denied Mr. Biers's request for a temporary restraining order but referred the request for a preliminary injunction to the undersigned to address.[7] Because the court may issue a preliminary injunction only on notice to the adverse parties,[8] the court must also address service of the Motion on the Defendants.

Given the length of Mr. Biers's complaint and the Motion, the court is faced with asking the Clerk of Court to process over 40,000 pages to prepare service packets for the Defendants. Thereafter, the United States Marshals Service would have to serve those packets on the

---

[4] 28 U.S.C. § 1915(e)(2)(B); DUCivR 3-2(b).

[5] ECF No. 5.

[6] ECF No. 7.

[7] ECF No. 12.

[8] Fed. R. Civ. P. 65(a)(1).

Defendants. Imposing those requirements on the Clerk of Court and the United States Marshals Service would be unduly burdensome and expensive. Therefore, to comply with the IFP Statute, the court will request waiver of service from each of the Defendants and make complete copies of Mr. Biers's complaint and the Motion available to the Defendants through electronic means.

The court first addresses waiver of service under Fed. R. Civ. P. 4(d), which provides that a plaintiff—or, in this case, the court—may request a waiver of service from any defendant.[9] An individual, corporation, or association subject to service has the duty to avoid unnecessary expenses associated with service.[10] Thus, if a defendant fails to waive service without good cause, the court must impose the expenses later incurred in making service.[11] Under Rule 4(d), the court will request waiver of service from each of the Defendants, as detailed below.

The court turns next to the requirements for a request for waiver of service. Any such request must be accompanied by, among other things, a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the waiver form.[12] For the same reasons stated above, tasking the Clerk of Court with compiling those waiver packets and the United States Marshals Service with serving those packets is unduly burdensome and expensive. Therefore, the court will instead make copies of Mr. Biers's complaint and the Motion available to the Defendants by electronic means, as detailed below.

---

[9] Fed. R. Civ. P. 4(d)(1).

[10] Fed. R. Civ. P. 4(d)(1).

[11] Fed. R. Civ. P. 4(d)(2)(A).

[12] Fed. R. Civ. P. 4(d)(1)(C).

Based upon the foregoing, the court HEREBY ORDERS:

1.    Within 14 days of the date of this Order, Mr. Biers shall prepare the following documents

for each of the Defendants and return the prepared documents by email to

utdecf_clerk@utd.uscourts.gov or by mail to Orrin G. Hatch United States Courthouse,

Attn: Clerk's Office, 351 S West Temple, Room 1.100, Salt Lake City, Utah 84101:

    a.    One Summons in a Civil Action (Form AO 440).

    b.    One Notice of a Lawsuit and Request to Waive Service of a Summons (Form AO
398).

    c.    Two Waiver of the Service of Summons (Form AO 399).[13]

    d.    A service of process form (Form USM-285).[14]

2.    Mr. Biers's failure to comply with those requirements may result in the court imposing

appropriate sanctions against him, including dismissal of this action.[15]

3.    Within 7 days of receipt of Mr. Biers's submissions, the Clerk of Court or designee must

send the following documents by certified mail with return receipt to each of the

Defendants at the address identified on the appropriate service of process form (Form

USM-285):

---

[13] All three of these AO Forms are available online at https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena.

[14] Available online at https://www.usmarshals.gov/process/usm285.htm.

[15] Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by [Fed. R. Civ. P.] 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that the court "may issue further just orders," including "dismissing the action or proceeding in whole or in part").

a.      A copy of this Order.

b.      The Notice of a Lawsuit and Request to Waive Service of a Summons (Form AO

398).

c.      Both copies of the Waiver of the Service of Summons (Form AO 399).

d.      A prepaid envelope with the Clerk's Office address for return of the Waiver of the

Service of Summons (Form AO 399).

4.      Upon receipt of the above-referenced documents from the Clerk of Court or designee,

each of the Defendants shall return the executed Waiver of the Service of Summons

(Form AO 399) within 30 days from the date it was sent. The filing of an answer or a

responsive motion does not relieve any of the Defendants of that requirement.

5.      The Defendants may return the executed Waiver of the Service of Summons (Form AO

399) by mail using the included prepaid envelope or by email at

utdecf_clerk@utd.uscourts.gov.

6.      If any of the Defendants fails to return an executed Waiver of the Service of Summons

(Form AO 399) without good cause, that Defendant will be subject to an order to pay

service costs under Rule 4(d)(2)(A).

7.      Upon receipt of the above-referenced documents from the Clerk of Court or designee,

each of the Defendants shall download a copy of Mr. Biers's complaint and the Motion at

the following link: https://utahdistrict.box.com/s/h2hlrtias2qpltlc6yg2e6jw6aw7zfba

8.      If unable to access Mr. Biers's complaint and the Motion using the link above, any of the

Defendants may contact the Clerk's Office by email at utdecf_clerk@utd.uscourts.gov or

by phone at (801) 524-6100 to request that Mr. Biers's complaint and the Motion be sent

via email, on a physical electronic storage medium, or on paper. The Clerk's Office shall

make a note in the docket if such a request is made and indicate the format in which Mr.

Biers's complaint and the Motion were sent. The Clerk's Office shall also note the cost

associated with providing those documents.

9.      The Clerk's Office shall file any returned executed Waivers of the Service of Summons

(Form AO 399) and any Waivers of the Service of Summons (Form AO 399) that are

returned as undeliverable as soon as they are received.

10.     For any of the Defendants who do not return an executed Waiver of the Service of

Summons (Form AO 399) within 30 days from the date it was sent, the Clerk of Court or

designee must, within 14 days thereafter, issue a summons for each of those Defendants

and prepare service packets—which shall include a copy of this Order, the service of

process form (Form USM-285), a copy of Mr. Biers's complaint with attachments, and a

copy of the Motion with attachments—and send the summonses and service packets to

the United States Marshals Service to complete service of process on those Defendants.

11.     Upon receipt of any summonses and service packets from the Clerk of Court or designee,

the United States Marshals Service shall serve them within 7 days of receipt.

12.     Within 7 days after the completion of any such service, the United States Marshals

Service shall send the return of service to the Clerk's Office, along with the costs incurred

in effecting service. The costs must be enumerated on the service of process form (Form

USM-285) and include the costs incurred by the United States Marshals Service for

preparing any additional copies of the summons, Mr. Biers's complaint, and the Motion,

as well for preparing any new service of process forms (Form USM-285).

13.     In the event the United States Marshals Service is unable to effect service on any of the

Defendants within the foregoing time frame for any reason, it shall report that fact, and

the reasons for it, to the Clerk's Office.

IT IS SO ORDERED.

DATED this 29th day of June 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

7