James D. Gilson (5472)
Cole P. Crowther (16432)
DENTONS DURHAM JONES PINEGAR, P.C.
111 South Main Street, Suite 2400
PO Box 4050
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
james.gilson@dentons.com
cole.crowther@dentons.com

Stephen H. Rovak (admitted pro hac vice)
DENTONS US LLP
One Metropolitan Square
211 N. Broadway, Suite 3000
St. Louis, MO 63102-2741
Telephone: (314) 259-5886
stephen.rovak@dentons.com

*Attorneys for Defendants Dentons US LLP, J. Ross Docksey,
Virginia H. Sibbison and George T. Skibine*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SAMUEL L. BIERS,<br><br>Plaintiff,<br><br>vs.<br><br>DENTONS US LLP, et al.,<br><br>Defendants | **MOTION BY DEFENDANTS J. ROSS DOCKSEY, VIRGINIA SIBBISON AND GEORGE SKIBINE TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(2) AND 12(b)(3), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. PRO. 12(e); AND MOTION BY DEFENDANT DENTONS US LLP TO DISMISS PURSUANT TO FED. R. CIV. PRO. 12(b)(3), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. PRO. 12(e)** |

|  | Civil No. 2:22-cv-00298-HCN-JCB |
|---|---|
|  | Judge Howard C. Nielson, Jr |
|  | Magistrate Judge Jared C. Bennet |

Defendants J. Ross Docksey ("Docksey"), Virginia Sibbison ("Sibbison") and George Skibine ("Skibine") (collectively, the "Individual Dentons Defendants") move the Court to dismiss the claims filed against them by Plaintiff Samuel L. Biers ("Plaintiff" or "Biers") pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. Pro."), or in the alternative, the Individual Dentons Defendants move the Court for a more definite statement under Fed. R. Civ. Pro. 12(e). Defendant Dentons US LLP ("Dentons", and together with the Individual Dentons Defendants, the "Dentons Defendants") moves the Court to dismiss the claims filed against it by Plaintiff pursuant to Rule 12(b)(3) of the Fed. R. Civ. Pro., or in the alternative, Dentons moves the Court for a more definite statement under Fed. R. Civ. Pro. 12(e).

## RELIEF SOUGHT AND SUPPORTING GROUNDS

The Complaint should be dismissed, or if not dismissed, Biers should be required to file a pleading that is clear and intelligible because:

1.      The Court does not have personal jurisdiction over the Individual Dentons Defendants because none of them live in Utah, none were present in Utah at any relevant time, none committed any relevant acts in Utah, nor did any of them commit any acts that impacted or were directed at any person or entity in Utah.

2.      Venue is improper in Utah as to all of the Dentons Defendants, as none of the acts alleged in the Complaint took place in Utah, nor impacted anyone or anything in Utah.

3.     The 321 page, 1,016 paragraph Complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. Pro. 8.

4.     The Complaint is so unclear and unintelligible that the Dentons Defendants cannot reasonably prepare a response, and is subject to an order under Rule 12(e) of the Fed. R. Civ. Pro.  Plaintiff has a history of filing similar litigation, and has already been warned by another federal court regarding the requirements of Fed. R. Civ. Pro. 8 and that the failure to plead his case "in a more concise and cogent manner" can result in dismissal for violating Fed. R. Civ. Pro. 8(a).[1]

## FACTS

The Dentons Defendants hereby note the following allegations and facts that are relevant to the instant motion:

1.     Biers claims to be the "Chief Tribal Judge of the Te-Moak Supreme Court" holding "Te-Moak Bar License No. TM21-01."  Complaint at p. 1, caption and header.

2.     Skibine is not alleged to live or work in Utah. Complaint at ¶¶ 28, 73.

3.     Sibbison is not alleged to live or work in Utah. Complaint at ¶¶ 29, 74.

4.     Docksey is not alleged to live or work in Utah. Complaint at ¶¶ 30, 75.

5.     The Complaint does not allege that any of the Individual Dentons Defendants were present in Utah in connection with any of the allegations against them.

6.     The Individual Dentons Defendants have never been residents of the State of Utah, nor do they regularly visit Utah with respect to any of their personal or employment dealings. Docksey Decl. Ex. B, at ¶2, Sibbison Decl. Ex. C at ¶2, Skibine Decl. Ex. D at ¶2.

---

[1]   See *Samuel L. Biers v. Washington State Liquor and Cannabis Board*, et al, 2:15-cv-01518-JLR at docket entry 66, attached as Exhibit A

7. None of the legal work performed by the Individual Dentons Defendants for the Te-Moak Tribe of Western Shoshone Indians of Nevada was performed in Utah. Docksey Decl. Ex. B, at ¶3, Sibbison Decl. Ex. C at ¶3, Skibine Decl. Ex. D at ¶3.

8. Docksey is a resident of Illinois. Docksey Decl. Ex. B, at ¶2.

9. Sibbison is a resident of Virginia. Sibbison Decl. Ex. C, at ¶2.

10. Skibine is a resident of Maryland. Skibine Decl. Ex. D, at ¶2.

11. To ground personal jurisdiction against most of the Defendants in Utah, Plaintiff appears to rely on the purported transmission of material "through the Lucent POP 100 Gigabyte data switch in Salt Lake City, Utah." Complaint, *passim*.

## ARGUMENT

The Individual Dentons Defendants should be dismissed for lack of personal jurisdictional pursuant to Rule 12(b)(2) of the Fed. R. Civ. Pro. because Plaintiff has not alleged facts that would subject the Individual Dentons Defendants to the jurisdiction of this Court and, indeed, no such facts exist. In addition, the District of Utah is not a proper venue under 18 U.S.C. 1391, so the Complaint should be dismissed against all of the Dentons Defendants under Fed. R. Civ. Pro. 12(b)(3). In the alternative, the 321 page Complaint should be dismissed, and Plaintiff required to refile a more definite statement pursuant to Fed. R. Civ. Pro. 12(e), because the current Complaint is unintelligible and fails to provide a short and plain statement of the claims and the Court's jurisdiction and the allegations are not "simple, concise and direct" as required. Fed. R. Civ. Pro. 8(d)(1).

I.      **Rule 12(b)(2): Lack of Personal Jurisdiction**

The claims against the Individual Dentons Defendants should be dismissed because the Complaint fails to allege facts sufficient to establish this Court's personal jurisdiction over them. It is the Plaintiff's burden to show that a court can properly exercise personal jurisdiction over a defendant. *See Buckhannon v. Monarch Life Ins. Co.*, 46 F.3d 1150 (10th Cir. 1995) ("The two statements in the complaint that allege defendant's connection with Colorado, quoted above, are mere conclusory allegations, as opposed to well pled facts, and they do not serve to fulfill plaintiff's burden of showing that the court could properly exercise personal jurisdiction over defendant."). Plaintiff has not and cannot meet this burden.

With regard to personal jurisdiction, "[a] defendant's contacts with the forum state may give rise to two variants of personal jurisdiction: general or specific." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229, n.2 (10th Cir. 2020). "General personal jurisdiction means a court may exercise jurisdiction over an out-of-state party for any purpose." *Id.* On the other hand, "[s]pecific personal jurisdiction means a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." *Id.* Additionally, it is possible, in certain circumstances, for federal law to establish nationwide jurisdiction, so long as the exercise of such jurisdiction complies with constitutional requirements of due process. *See Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229, 1233 (10th Cir. 2006) (noting statutory nationwide service of process confers personal jurisdiction, but exercise of that jurisdiction must still meet Fifth Amendment due process requirements). Here, none of these methods for establishing jurisdiction have been satisfied.

4

Because the Individual Dentons Defendants are domiciled in another state, they are not subject to general jurisdiction in the District of Utah. *Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 982 (D. Utah 2018) ("The court only has general jurisdiction over an individual domiciled in the state."). The Individual Dentons Defendants named in this litigation are domiciled in Illinois, Virginia and Maryland. Docksey Decl. Ex. B, at ¶2, Sibbison Decl. Ex. C at ¶2, Skibine Decl. Ex. D at ¶2.

As a result, in order for Plaintiff to establish jurisdiction, he needs to either: (A) set forth facts establishing the minimum contacts sufficient to support specific jurisdiction with regard to the causes of action alleged or (B) establish that nationwide jurisdiction exists under relevant federal law. Plaintiff cannot do so and, as a result, the Individual Dentons Defendants must be dismissed from this case.

### A.     Lack of Sufficient Contacts to Support Specific Jurisdiction

The Individual Dentons Defendants do not have sufficient minimum contacts with the state of Utah to support specific jurisdiction of this Court with regard to the causes of action alleged. In order to determine the existence of specific jurisdiction, a court first analyzes the extent of a defendant's contacts with the jurisdiction. *Celtig, LLC*, 347 F. Supp. 3d at 983 ("In the absence of general jurisdiction, the court turns to an analysis of specific jurisdiction, the first element of which is the minimum contacts analysis."); *Trujillo v. Williams*, 465 F.3d 1210, 1217–18 (10th Cir. 2006) (recognizing that for a court to hold jurisdiction over a nonresident,

"minimum contacts between the defendant and the forum State" must exist.).[2] "[A] defendant's contacts with the forum state must be sufficient such that, notwithstanding its lack of physical presence in the state, the state's exercise of sovereignty over it can be described as fair and just." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "When determining whether a defendant has minimum contacts sufficient to create specific jurisdiction, courts apply a two-part test. 'First, the out-of-state defendant must have purposefully directed its activities at residents of the forum state, and second, the plaintiff's injuries must 'arise out of' defendant's forum-related activities.'" *Van Ornum v. Am. Med. Ass'n*, 2017 WL 9481018, at *11 (D. Utah Mar. 14, 2017) (citing *Dudnikov*, 514 F.3d at 1071) (internal editing omitted).

Here, none of the alleged activities by the Individual Dentons Defendants were purposefully directed at residents of Utah. Even accepting Plaintiff's conclusory allegations as true, the sprawling conspiracy that Plaintiff alleges was directed at Plaintiff, who indicates on the first page of his Complaint that he lives in Nevada, not Utah. Plaintiff alternatively alleges that he is "a resident of the State of Washington, domiciled on federal, tribal lands within the United States Territory for the Te-Moak Tribe of the Western Shoshone Indians of Nevada," but critically, Plaintiff does not allege that he is a resident of Utah. (Complaint at p. 6, ¶1). As best as the Individual Dentons Defendants can ascertain, the gravamen of Plaintiff's allegations is that the Te-Moak Tribe of the Western Shoshone Indians **of Nevada** violated its tribal constitution by

---

[2] Utah's long-arm statute extends to the limits allowed by due process of law. *See* Utah Code Ann. § 78B-3-201(3). As such, the inquiry turns on whether the exercise of jurisdiction over a defendant comports with the Fourteenth Amendment's Due Process Clause. *See Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015).

opening the retail cannabis business Newe Cannabis on tribal land **in Nevada**. (Complaint at ¶ 122). And that when Plaintiff allegedly uncovered various alleged schemes involving kickbacks and bribes to various officials, Plaintiff was defamed and retaliated against (presumably while Plaintiff resided either in Washington or Nevada). None of that alleges conduct directed towards a Utah resident, so the first aspect of the test for specific jurisdiction is not met, and the Court does not have specific personal jurisdiction over the Individual Dentons Defendants.

The same is true with respect to the second element of the test; Plaintiff's allegations must demonstrate that his alleged injuries "arise out of" the Individual Dentons Defendants' forum-related activities by showing a causal link between such defendants' contacts and the injuries at issue. *Dudnikov*, 514 F.3d at 1078–79. Here, Plaintiff has failed to identify any specific forum-related activities on the part of the Individual Dentons Defendants, and his failure to meet this second element provides an additional basis for finding a lack of personal jurisdiction.

### B.     Lack of Nationwide Jurisdiction

Subject to their arguments below, the Individual Dentons Defendants acknowledge that Section 1965(b) of the RICO statute provides for nationwide service of process. *See* 18 U.S.C. § 1965(b). Nonetheless, these claims still fail for lack of personal jurisdiction. While it is true that RICO may, in certain situations, allow a plaintiff who can attain personal jurisdiction over one defendant in an alleged RICO conspiracy to serve summonses nationwide on other defendants, such jurisdiction is permitted only if "required by the ends of justice." *See Van Ornum*, 2017 WL 9481018, at *4.

The Court's analysis in *Van Ornum* is instructive here. The plaintiff in that case had argued that the ends of justice authorized nationwide service of process because some defendants in that case were domiciled in Utah while others were scattered throughout the country. *See id*. at *5. In response, the Court first pointed out that only one defendant in that case had its principal place of business and headquarters in Utah. *See id*. The Court proceeded to hold that without more, the mere scattering of defendants across the country does not compel personal jurisdiction in the District of Utah to meet the ends of justice. *See id*.

Although the court in *Van Ornum* did not view the mere fact that one of the defendants in the case was a Utah resident as sufficient to extend jurisdiction to the other defendants, it did determine that nationwide jurisdiction was appropriate due to the unique challenges faced by the plaintiff in that case. In doing so, however, the court noted that, the plaintiff herself resided in Utah and therefore suffered her damages within the District of Utah.  *See id*. at *6. Thus, given that the *Van Ornum* Plaintiff was a Utah resident proceeding *pro se* with minimal financial resources, the court concluded that the plaintiff's unique challenges could satisfy the ends of justice standard. *See id*. at *6.

Here, however, Plaintiff is not a resident of Utah.  Any argument regarding Plaintiff's lack of resources would favor having the case heard in Nevada or Washington, where Plaintiff resides, not in Utah. Considering that neither the Individual Dentons Defendants nor Plaintiff reside in Utah, the facts do not support a finding that the ends of justice *require* the Individual Dentons Defendants to appear in this Court.

### C. Constitutional Considerations

Even if this Court determines that the ends of justice require nationwide jurisdiction in this case, such jurisdiction must still comport with constitutional requirements of due process. *See Cory*, 468 F.3d at 1229, 1233 (noting statutory nationwide service of process confers personal jurisdiction, but exercise of that jurisdiction must still meet Fifth Amendment due process requirements). The Tenth Circuit considers the following factors when determining whether a violation of the 5th Amendment has occurred: "(1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business." *Peary v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000).

Applying these factors to this case, it is clear that the first, second, fourth, and fifth factors all favor not requiring the Individual Dentons Defendants to litigate this lawsuit in the District of Utah. For example, none of the Individual Dentons Defendants live or work in Utah. Docksey Decl. Ex. B, at ¶2, Sibbison Decl. Ex. C at ¶2, Skibine Decl. Ex. D at ¶2. It would therefore be extremely inconvenient for these defendants to come to Utah for trial and other case proceedings. Added to this, it is very likely that much of the discovery, including depositions, will be conducted by Utah counsel and overseen by a District of Utah judge, but will take place

9

in the State of Nevada. Requiring the Individual Dentons Defendants to litigate these issues in two different states, far from their homes and offices, would undoubtedly disrupt their lives, and notably Plaintiff himself is not even a resident of Utah. While such disruption may be permitted in certain circumstances, where no harm to the residents of the state of Utah whatsoever has been alleged, this disruption is not appropriate. These considerations greatly outweigh any concerns related to judicial economy and support a determination that the Individual Dentons Defendants are constitutionally protected from being haled into the District of Utah to litigate this case. The Court should find that it lacks personal jurisdiction over the Individual Dentons Defendants and dismiss all claims against them.

## II.     Rule 12(b)(3): Improper Venue

In addition, venue is improper in the District of Utah because not all Defendants reside within Utah, and Utah is not a district in which a substantial part of the alleged actions or omissions took place – only Nevada fits that description.  Venue in federal court is controlled by 28 U.S.C. 1391, which states as follows:

(b) Venue in General.  A civil action may be brought in —

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b)(1) clearly does not apply, because the Complaint on its face makes clear that

all Defendants are not residents of Utah (and neither is the Plaintiff). The catch-all provision of 28 U.S.C. 1391(b)(3) also does not apply, unless there is no judicial district where a substantial part of the acts or omissions occurred, or where the property at issue is located. Here, however, there is such a district: the District of Nevada. As the Tenth Circuit has explained, when looking to where substantial events material to the claims took place, a court should not look to what triggered the claim, but "rather should look at the entire progression of the underlying claim." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010).

While the Complaint is essentially incomprehensible as discussed below, boiled down to its apparent essence, Plaintiff is complaining about a tribe based in Nevada selling cannabis in Nevada in collusion with Nevada authorities, including the governor and attorney general of Nevada. Plaintiff also complains that when he reported fraud and corruption "during the course of his employment" as the Supreme Court Judge for the Te-Moak Tribe of Western Shoshone Indians of Nevada, Plaintiff was defamed and retaliated against, presumably causing alleged injury where Plaintiff lives, either in Nevada or Washington. (Compare Complaint at p. 1 with Complaint at ¶ 1). So all of the material acts or omissions appear to have allegedly taken place in Nevada.

In terms of any connection to Utah, other than reciting the conclusion that substantial parts of the events at issue took place in Utah, the specifics alleged by Plaintiff fall far short of demonstrating this. Instead, Plaintiff begins by merely alleging that the non-party CPA firm and

bank[3] used by the Te-Moak tribe is located in Utah and thus evidence may be in Utah -- but the alleged location of evidence within the district is not synonymous with a substantial part of the events or omissions <u>occurring</u> within the district. (Complaint at ¶ 93). Plaintiff also claims that electronic transmissions or mailings passed through Utah, but again even if that were true, it is irrelevant for venue purposes. (Id.). Plaintiff further claims that three Defendants communicated from Utah, but given that Defendant Sypolt lives and is admitted to practice law in Illinois, there is no reason to think a significant amount of communications emanated from Utah. (Complaint at ¶ 72). Likewise according to the Complaint, the other two Defendants allegedly communicating from Utah (Holley and Reynolds) are both residents of Nevada, not Utah, and there is no allegation that they conducted a substantial amount of their actions in Utah. (Complaint at ¶¶ 8, 63). Plaintiff also claims that Dentons US LLP has a place of business in Utah (as well as now dismissed former parties Zions Bancorporation, N.A. and Brent Alan Waite); while that is incorrect, even if it were true it would be irrelevant for purposes of venue under 28 U.S.C. 1391.

Clearly, however, there is a district where the majority of the alleged actions or omissions took place: the District of Nevada, where Plaintiff appears to live, where Plaintiff purports to be the Chief Tribal Judge of the Te-Moak tribe, and where the Te-Moak tribe is supposedly selling cannabis in collusion with Nevada state officials. Other than unsupported conclusory recitations that substantial events took place in Utah, the Complaint makes clear that the material alleged acts or omissions took place in Nevada, and therefore Nevada is the appropriate venue under 28

---

[3] Note that Zions Bancorporation, N.A., Nevada State Bank and Brent Alan Waite were all subsequently dismissed from this action with prejudice. (Dkt. 157).

U.S.C. 1391(b)(2). The Court should therefore dismiss this action without prejudice under Fed. R. Civ. Pro. 12(b)(3), because it has been brought in an improper venue.

### III. Rule 8 (a) and (d) and Rule 12(e): More Definite Statement

In the alternative, Plaintiff's Complaint, spanning 321 pages with over 1,000 paragraphs of allegations, should be dismissed under Fed. R. Civ. Pro. 12(e) and Plaintiff should be ordered to file a new Complaint that complies with Fed. R. Civ. Pro. 8. Almost none of the paragraphs of the current Complaint contain an allegation that is "simple, concise and direct" as required under Fed. R. Civ. Pro. 8 (d)(1). Instead, the Complaint is incomprehensible, making a vast array of redundant and irrelevant allegations regarding different states where defendants own property (Complaint at ¶ 74), what road they supposedly drove on (Complaint at ¶ 408), and details on the kind of money counter was purchased (Complaint at ¶¶ 180, 181). The Complaint also improperly makes extensive shotgun allegations that refer to: 1) multiple different purported agreements, plans or schemes; 2) multiple listed parties and "others" and 3) multiple statutes and provisions of the Te-Moak Constitution, for example:

> On July 15, 2021 the NCE produced, generated and published a written report, pursuant to any **A1-A4**, **A6** and **A8** agreement, plan or scheme with or between SCS; EBCE; Robin Evans; Chadwick Smith; Scott Sypolt; Leslie Grove; Paul Conable; Steve Sisolak; Aaron Ford; Steve Olson; Juan Arevalo; Davis Gonzalez; Thalia Marin, Larry Yeager; Darian Stanford; Kevin Clock, and others, related to the sale and distribution of a controlled substance, marijuana, at the NCE retail store Newe Cannabis, that states the total net income for the second quarter 2021, (spanning April 1, 2021 through June 30, 2021), is an even "$1,450,000.00," with the "EBCE" half share equaling "$725,000.00" and the "SCS" half share equaling "$725,000.00" pursuant to A6. ("SCS 50% ECBE 50%"), with the intent or purpose to violate or attempt to violate 21 U.S.C. §841; 26 U.S.C. §7201; 18 U.S.C. §1341; 18 U.S.C. §1343; 18 U.S.C. §1344; 18 U.S.C. §1952; 18 U.S.C. §1956; 18 U.S.C. §1957; 18 U.S.C. § 1960 and the Te-Moak Constitution, Article 4, sections 3, 12 and 14 when NCC representative Marin stated, claimed and

> reported to EBC Chairman Davis Gonzalez that the total revenue or income generated, received or derived from the sale and distribution of a controlled substance, marijuana, involving the NCE for the second quarter of 2021 was "$2 million and some change." See Exhibit II-B(2).

(Complaint at ¶ 647). Despite purporting to be a Judge, and despite having received a prior written warning from another federal judge regarding this type of improper pleading (see Exhibit A), Plaintiff has again failed to "state [his] claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). As courts around the country have made clear, excessive length can make a pleading unintelligible, placing an undue burden on Courts and adversaries "to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988). Or, as the Seventh Circuit put it, parties are required to make their pleading straightforward so that judges and adverse parties "need not try to fish a gold coin from a bucket of mud." *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

While Plaintiff is *pro se*, the Tenth Circuit has made clear that "*pro se* status does not relieve [a party] of [their] obligation to comply with procedural rules . . ." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002). Here, Plaintiff's LinkedIn profile claims that he earned a Juris Doctor degree from Thomas M. Cooley Law School, so Plaintiff would appear to have at least some legal training. (LinkedIn profile at Exhibit E). Plaintiff also apparently served at least a brief stint as a magistrate in North Carolina and currently presents himself to this Court as the "Chief Tribal Judge of the Te-Moak Supreme Court" and as holding "Te-Moak Bar License No. TM21-01." (LinkedIn profile at Exhibit E; Complaint at p. 1). In addition to his legal background, Plaintiff has also been admonished by a federal court for

14

exactly the same issue in the past. (Exhibit A). If Plaintiff wishes to continue this litigation, he must follow the basic pleading rules set forth in Rule 8(d)(1), which requires that "[e]ach allegation must be simple, concise, and direct."

## CONCLUSION

Based on the foregoing, the Court should dismiss the Individual Dentons Defendants from this case on personal jurisdictional grounds pursuant to Fed. R. Civ. Pro. 12(b)(2); the Court should dismiss the Complaint as to all the Dentons Defendants pursuant to Fed. R. Civ. Pro. 12(b)(3) because it has been brought in an improper venue; in the alternative, the Complaint should be dismissed and Plaintiff ordered to provide a more definite statement pursuant to pursuant to Fed. R. Civ. Pro. 12(e).

DATED: November 21, 2022

DENTONS DURHAM JONES PINEGAR, P.C.

*/s/ James D. Gilson*
James D. Gilson
Cole P. Crowther
*Attorneys for Defendants Dentons US LLP, J. Ross Docksey, Virginia H. Sibbison and George T. Skibine*

DENTONS US LLP
Stephen H. Rovak (*pro hac vice*)
One Metropolitan Square, Suite 3000
St. Louis, MO 63102
(314) 241-1800 (telephone)
(314) 259-5959 (facsimile)
stephen.rovak@dentons.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2022, I caused a true copy of the foregoing to be filed with the Clerk of Court using the Court's CM/ECF filing system and which sent electronic notification of the filing to counsel of record in this matter, and that a copy was served upon the following via first class mail:

Samuel L. Biers
1188 Court Street #1
Elko, Nevada 89801

*/s/ James D. Gilson*