THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Samuel L. Biers's ("Mr. Biers") objection to the appearances of two attorneys in this case and motion for appointment of counsel.[2] Based upon the analysis set forth below, the court: (I) overrules Mr. Biers's objection, and (II) denies his motion for appointment of counsel.

ANALYSIS

I. The Court Overrules Mr. Biers's Objection.

Because Mr. Biers's objection seeks a court order preventing two attorneys from appearing in this case, the court analyzes the objection under the principles governing motions to

---

[1] ECF No. 10.

[2] ECF No. 141.

disqualify counsel. As shown below, Mr. Biers fails to carry his burden of demonstrating that disqualification is necessary because the allegations supporting his objection are conclusory and speculative. Therefore, the court overrules his objection.

This court has ample discretion to determine whether disqualification of counsel is appropriate.[3] "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear."[4] Indeed, attorneys practicing in this court are bound by the Utah Rules of Professional Conduct.[5] "Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties," the court also applies the "standards developed under federal law."[6]

"The sanction of disqualification of counsel in litigation situations should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial."[7] When deciding a motion to disqualify counsel, the court considers: "[t]he egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what

---

[3] *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30 TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008); *see also Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) ("It is well-established that ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." (quotations and citation omitted)).

[4] *Cole*, 43 F.3d at 1383.

[5] DUCivR 83-1.5.1(a) ("All attorneys practicing before this court, either as members of the bar of this court or by Pro Hac Vice admission, must comply with the rules of practice adopted by this court and with the Utah Rules of Professional Conduct as revised, amended, and interpreted by this court.").

[6] *Cole*, 43 F.3d at 1383; *see also Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994) (providing that the legal standard applicable to a motion to disqualify counsel "is the law of the Tenth Circuit or this district").

[7] *Parkinson*, 857 F. Supp. at 1476.

extent there has been a diminution of effectiveness of counsel."[8] Additionally, "equitable considerations such as the hardship to the other side and the stage of trial proceedings are relevant."[9] "The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit."[10]

In deciding those issues, the court is mindful that the moving party bears the burden of establishing that disqualification is necessary.[11] To satisfy that burden, the moving party cannot rely upon conclusory allegations or speculative conflicts.[12] Furthermore, "disqualification of counsel is a drastic measure and a court should hesitate to impose it except when necessary."[13] "[F]ederal courts have treated a motion for disqualification as one that should only rarely be granted. A motion to disqualify is to be viewed with extreme caution, but recognizing the possible unfair advantage that may result depending on the circumstances."[14]

Mr. Biers objects to the appearances of two attorneys, Julianne P. Blanch ("Ms. Blanch") and Abigail M. Dizon-Maughan ("Ms. Dizon-Maughan"), who represent several Defendants in this case. Relying primarily upon the allegations of his complaint, Mr. Biers generally argues that Ms. Blanch and Ms. Dizon-Maughan are being paid with funds derived from the alleged RICO enterprise described in his complaint. Therefore, according to Mr. Biers, Ms. Blanch and Ms.

---

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] *Id*. at 1480.

[12] *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) ("[A] speculative conflict is insufficient for disqualification.").

[13] *Id*. (quotations and citation omitted).

[14] *Parkinson*, 857 F. Supp. at 1480 (citation omitted).

Dizon-Maughan are violating Utah law, federal law, and several of the Utah Rules of Professional Conduct.

Mr. Biers's arguments fail because they are based upon conclusory and speculative allegations. Indeed, in arguing that disqualification of Ms. Blanch and Ms. Dizon-Maughan is required, Mr. Biers relies almost exclusively upon the unproven allegations of his complaint. Further, the remainder of his allegations suggesting that disqualification is necessary lack any evidentiary support. Thus, Mr. Biers fails to establish that Ms. Blanch and Ms. Dizon-Maughan have committed any violations of law or the Utah Rules of Professional Conduct. Moreover, Mr. Biers's allegations fall woefully short of establishing that Ms. Blanch and Ms. Dizon-Maughan's representation of certain Defendants in this case would in any way taint the litigation. Consequently, Mr. Biers fails to carry his heavy burden of demonstrating that the extreme remedy of disqualification is required. Therefore, the court overrules his objection.

## II. The Court Denies Mr. Biers's Motion for Appointment of Counsel.

The court denies Mr. Biers's motion for appointment of counsel because he fails to carry his burden of showing that appointed counsel is necessary.[15] "There is no constitutional right to appointed counsel in a civil case."[16] However, "[t]he court may request an attorney to represent any person unable to afford counsel."[17] "The appointment of counsel in a civil case is left to the

---

[15] Although this and other courts discuss the "appointment of counsel" in the context of a civil case, that phrase is technically inaccurate because the court lacks the authority to "appoint counsel" in a civil case as it does in a criminal case. In a civil action, such as the one at issue here, all the court can do is request counsel to take the case, and counsel can decline. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (recognizing that courts cannot compel an unwilling attorney to represent a party in a civil case).

[16] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).

[17] 28 U.S.C. § 1915(e)(1).

sound discretion of the district court."[18] When deciding whether to appoint counsel, the court weighs the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[19] Ultimately, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim[s] to warrant the appointment of counsel."[20]

Mr. Biers fails to meet his burden. First, he does not sufficiently address the merits of his claims.[21] For that reason alone, his request for appointed counsel fails.

Second, Mr. Biers, who appears to have some legal education, fails to demonstrate that he is unable to adequately pursue his claims. Indeed, in his complaint, Mr. Biers asserts that he is "the appellate judge for the Te-Moak Supreme Court."[22] Further, Mr. Biers was able to draft a complaint of more than 300 pages setting forth his claims.

Third, although the nature of the factual and legal issues in this case may be somewhat complex, Mr. Biers obviously understands them well. Indeed, his complaint contains more than 200 pages of factual allegations. Additionally, his complaint asserts 21 causes of action with legal analysis that span more than 60 pages.

---

[18] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[19] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

[20] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (per curiam).

[21] The only support Mr. Biers provides for the merits of his claims is his assertion that "[s]ince this court already conducted its initial screening of the case, it is aware that the allegations support a meritorious designation." ECF No. 141 at 4. Although true that Mr. Biers's complaint survived the court's initial screening, that does not conclusively establish the merits of his claims for purposes of appointing counsel.

[22] ECF No. 5 at 3.

In sum, the court's consideration of the relevant factors demonstrates that Mr. Biers fails to carry his burden of showing that appointed counsel is necessary. Therefore, the court denies his motion for appointment of counsel.

## ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. Mr. Biers's objection to the appearances of Ms. Blanch and Ms. Dizon-Maughan[23] is OVERRULED.

2. Mr. Biers's motion for appointment of counsel[24] is DENIED.

IT IS SO ORDERED.

DATED this 13th day of December 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[23] ECF No. 141.

[24] *Id.*