THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Samuel L. Biers's ("Mr. Biers") motion for alternative service of process.[2] Based upon the analysis set forth below, the court denies Mr. Biers's motion without prejudice.

## BACKGROUND

Because Mr. Biers is proceeding in forma pauperis in this case under 28 U.S.C. § 1915,[3] the officers of the court are required to issue and serve all process and perform all duties related to service of process.[4] To accomplish that task, the court has issued several orders regarding

---

[1] ECF No. 10.

[2] ECF No. 156.

[3] ECF No. 4.

[4] 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); DUCivR 3-2(c).

service of process.[5] Pursuant to those orders, the majority of Defendants have either waived service of process or been served with process. All those Defendants have either responded to Mr. Biers's complaint or been dismissed from this action, except for Defendant David Dale Carrera. As of the date of this order, only the following Defendants have not yet waived service or been served: (1) SCS Elko LLC, (2) Elliot Nance Parris, (3) Adela Morrison, (4) Chadwick Corntasell Smith, (5) Joseph Delarosa, (6) Marla L. McDade, and (7) Steve Duane Olson (collectively, "Unserved Defendants"). The addresses Mr. Biers has provided for the Unserved Defendants indicate that they all reside in Nevada.

## ANALYSIS

Mr. Biers moves the court for permission to serve numerous Defendants by way of email or standard mail. However, many of those Defendants have already either waived service or been served. Thus, to the extent Mr. Biers seeks alternative service on those Defendants, his request is moot. The only Defendants to which Mr. Biers motion can now apply are the Unserved Defendants. Therefore, the court considers Mr. Biers's motion only as to the Unserved Defendants. As shown below, the court denies Mr. Biers's motion without prejudice because Mr. Biers has not satisfied the relevant requirements for a motion for alternative service.

Fed. R. Civ. P. 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Additionally, Fed. R. Civ. P. 4(h)(1)(A) provides that "a domestic or foreign corporation,

---

[5] ECF Nos. 19, 90, 98, 109.

or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . in a judicial district of the United States . . . in the manner prescribed by [Fed. R. Civ. P.] 4(e)(1) for serving an individual." Thus, the Unserved Defendants may be properly served with process in the manner for serving an individual under either Utah law or Nevada law.

Because Mr. Biers requests permission for alternative service, the court turns to the requirements for a motion for alternative service under Utah law and Nevada law. Utah R. Civ. P. 4(d)(5)(A) provides that a motion for alternative service must include "[a]n affidavit or declaration supporting the motion [that] set[s] forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties." Nev. R. Civ. P. 4.4(b)(2)(A)(i) provides that "[a] motion seeking an order for alternative service must," among other things, "provide affidavits, declarations, or other evidence setting forth specific facts demonstrating . . . the due diligence that was undertaken to locate and serve the defendant."

Although Mr. Biers has included a sworn declaration as part of his motion for alternative service, that declaration fails to satisfy the requirements of either of those rules. The court acknowledges that Mr. Biers need not detail the efforts he has undertaken to serve the Unserved Defendants because the court is required to issue and serve all process and perform all duties related to service of process.[6] However, because it is not the court's responsibility to locate the

---

[6] 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); DUCivR 3-2(c).

Unserved Defendants,[7] Mr. Biers must detail the "efforts made to . . . locate"[8] or "the due diligence that was undertaken to locate"[9] the Unserved Defendants. Because Mr. Biers's sworn declaration does not include any such detail for the Unserved Defendants, the court denies his motion for alternative service without prejudice.

Mr. Biers may renew his motion, but he must do so on or before February 9, 2023. The court will not entertain any such renewed motion unless it fully complies with all the requirements of either Utah R. Civ. P. 4(d)(5)(A) or Nev. R. Civ. P. 4.4(b)(2). Alternatively, if, after undertaking efforts to locate the Unserved Defendants, Mr. Biers discovers valid physical addresses for the Unserved Defendants, he may submit those addresses to the court for service of

---

[7] *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) ("While [in forma pauperis] status confers an entitlement to issuance and service of process, . . . the plaintiff must provide sufficient information for the court to do so."); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (concluding that, under 28 U.S.C. § 1915(d), "it was [the plaintiff]'s responsibility to provide proper addresses for service on [the defendants]"); *Isringhouse v. Travis*, No. 3:18-CV-2212-B-BN, 2020 WL 3272209, at *2 (N.D. Tex. May 28, 2020) ("[W]hile the [c]ourt will relieve a *pro se* plaintiff [proceeding in forma pauperis] of the burden to serve process, it remains his 'responsibility to locate the defendants and submit their addresses to the court.'" (quoting *Shelton v. Mich. Turkey Producers Coop., Inc.*, No. 1:13CV441, 2014 WL 4388366, at *6 (W.D. Mich. Sept. 5, 2014)), *report and recommendation adopted*, No. 3:18-CV-2212-B, 2020 WL 3271377 (N.D. Tex. June 17, 2020); *Green v. Ferdarko*, No. CV 15-45, 2017 WL 9285187, at *19 (W.D. Pa. Dec. 6, 2017) (stating that, under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), "[n]either the [c]ourt nor the [United States Marshals Service] is obligated to locate either Defendant's current address, as that responsibility remains with Plaintiff"), *report and recommendation adopted*, No. CV 15-45 2018 WL 2009087 (W.D. Pa. Apr. 30, 2018); *Shelton*, 2014 WL 4388366, at *6 ("While the court is required to issue and serve summonses [under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3)], it is the plaintiff's responsibility to locate the defendants and submit their addresses to the court."); *Boyer v. Taylor*, No. CIV A 06-694-GMS, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("While *in forma pauperis* status confers entitlement to issuance and service of process, . . . a district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process.").

[8] Utah R. Civ. P. 4(d)(5)(A).

[9] Nev. R. Civ. P. 4.4(b)(2)(A)(i).

process. If Mr. Biers chooses that alternative, he must submit any such addresses to the court on or before February 9, 2023. Upon receipt of any such addresses, the court will order service of process on the relevant Unserved Defendants.

## ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. Mr. Biers's motion for alternative service of process[10] is DENIED WITHOUT PREJUDICE.

2. Mr. Biers may renew his motion, but he must do so on or before February 9, 2023. The court will not entertain any such renewed motion unless it fully complies with all the requirements of either Utah R. Civ. P. 4(d)(5)(A) or Nev. R. Civ. P. 4.4(b)(2).

3. Alternatively, if, after undertaking efforts to locate the Unserved Defendants, Mr. Biers discovers valid physical addresses for the Unserved Defendants, he may submit those addresses to the court for service of process. If Mr. Biers chooses that alternative, he must submit any such addresses to the court on or before February 9, 2023. Upon receipt of any such addresses, the court will order service of process on the relevant Unserved Defendants.

4. Mr. Biers's failure to comply with this order may result in dismissal of the Unserved Defendants from this action.[11]

---

[10] ECF No. 156.

[11] Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by [Fed. R. Civ. P.] 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . .

5. Under Fed. R. Civ. P. 4(m), the court finds good cause under the circumstances of this case to extend the deadline for service of process for the Unserved Defendants to 90 days from the date of this Memorandum Decision and Order, or until April 12, 2023.

IT IS SO ORDERED.

DATED this 12th day of January 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that the court "may issue further just orders," including "dismissing the action or proceeding in whole or in part").