THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>        Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>        Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

      This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Samuel L. Biers's ("Mr. Biers")[2] motion for a preliminary injunction.[3] As demonstrated below, Mr. Biers fails to establish the required elements for issuance of a preliminary injunction. Therefore, the court recommends denying Mr. Biers's motion.

---

[1] ECF No. 10.

[2] Although Mr. Biers is proceeding pro se, the court is not required to liberally construe his pleadings and other filings because he asserts that he is an attorney. *In re Hook*, 816 F. App'x 269, 270 (10th Cir. 2020) ("Although Hook is proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings because she is an attorney.").

[3] ECF No. 7.

**BACKGROUND**

The court previously allowed Mr. Biers to proceed in forma pauperis in this action under 28 U.S.C. § 1915.[4] Thereafter, Mr. Biers filed a 320-page complaint, which names 45 different defendants, includes more than 200 pages of factual allegations, and includes more than 60 pages of legal analysis dedicated to asserting 21 causes of action.[5]

Mr. Biers's 200 pages of factual allegations are set forth in more than 700 numbered paragraphs, most of which are dedicated to a chronological history of events spanning from January 2019 to April 2022. Mr. Biers alleges that he served as the Tribal Administrator for the Te-Moak Tribe of Western Shoshone Indians ("Tribe") and was later appointed as Chief Tribal Judge for the Tribe.[6] Mr. Biers contends that he was improperly removed from his position of Chief Tribal Judge because of efforts he undertook as the Tribal Administrator to report criminal activities taking place within the Tribe and because of allegedly defamatory statements others made about his past conduct and criminal background.[7] With respect to the criminal activities he attempted to report, Mr. Biers alleges that the named defendants are involved in a conspiracy to illegally sell and distribute marijuana.[8] Mr. Biers further alleges that in the course of that conspiracy, the named defendants have, among other things, fraudulently concealed and misappropriated the income from the illegal sale and distribution of marijuana, illegally used and misappropriated federal funds to aid in the illegal sale and distribution of marijuana, and paid

---

[4] ECF No. 4.

[5] ECF No. 5.

[6] *See generally id*.

[7] *See generally id*.

[8] *See generally id*.

bribes to avoid criminal prosecution and to aid in the passing of laws to legalize the sale of marijuana on the Tribe's land.[9]

Mr. Biers's 21 causes of action are all based almost exclusively on "information and belief." Those causes of action include: (1) claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Utah Drug Dealer's Liability Act;[10] (2) 10 separate claims for defamation, libel, and slander;[11] (3) federal statutory claims for civil conspiracy;[12] (4) claims for violations of constitutional rights;[13] (5) a claim for tortious interference with a business or contractual relationship;[14] (6) a claim for civil conspiracy to interfere with civil rights;[15] (7) claims for anti-trust violations and unfair competition;[16] (8) a claim for negligent action or failure to prevent deprivation of constitutional rights;[17] (9) claims for invasion of privacy and violations of the Privacy Act;[18] (10) claims for malicious prosecution, abuse of process, and unlawful confinement or imprisonment;[19] and (11) a claim for unjust enrichment.[20]

---

[9] *See generally id*.
[10] *Id*. at 244-62.
[11] *Id*. at 262-79.
[12] *Id*. at 280-82.
[13] *Id*. at 283-87.
[14] *Id*. at 287.
[15] *Id*. at 288-90.
[16] *Id*. at 290-94.
[17] *Id*. at 294-95.
[18] *Id*. at 295-98.
[19] *Id*. at 298-304.
[20] *Id*. at 304-07.

Mr. Biers's complaint also includes multiple requests for relief,[21] including a request for a preliminary injunction.[22] In his ultimate prayer for relief, Mr. Biers asserts that he is entitled to, among other things, an award of nearly $60 million in damages against the named defendants, along with other damages to be determined at trial.[23]

On the same day he filed his complaint, Mr. Biers filed a motion for a temporary restraining order or, alternatively, for a preliminary injunction.[24] District Judge Howard C. Nielson denied Mr. Biers's motion for a temporary restraining order but declined to rule on Mr. Biers's motion for a preliminary injunction.[25] In the motion's prayer for relief, Mr. Biers requests entry of a preliminary injunction requiring the named defendants to: (1) deliver to Mr. Biers "all records; money; bail; bonds; funds; assets; checks; chattel; instruments; files; folders; documents and seals that are associated with or related to" the Tribe's courts; (2) surrender to Mr. Biers $111,381.00 "that completely consists of non-criminal RICO proceeds"; (3) refrain from contacting, harassing, or threatening Mr. Biers; (4) refrain from interfering with or obstructing the operation of the Tribe's courts and Mr. Biers's authority as Chief Tribal Judge; and (5) refrain from disposing of any assets held by certain of the named defendants.[26] To support his arguments

---

[21] *Id*. at 307-20.

[22] *Id*. at 307-09.

[23] *Id*. at 316-20.

[24] ECF No. 7.

[25] ECF No. 12.

[26] ECF No. 7 at 16-17 of 140.

for the issuance of a preliminary injunction, Mr. Biers relies exclusively upon the factual allegations of his complaint and a sworn declaration that he submitted with the motion.[27]

## ANALYSIS

The court recommends denying Mr. Biers's motion for a preliminary injunction because he fails to satisfy the required elements for issuance of such an injunction. "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[28] To be entitled to a preliminary injunction under Fed. R. Civ. P. 65, the moving party must establish the following four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."[29] As shown below, because Mr. Biers fails to establish the first of those elements, he is not entitled to a preliminary injunction, and the court need not address the remaining elements.[30]

---

[27] *Id*. at 18-36 of 140.

[28] *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotations and citation omitted).

[29] *Id*. (quotations and citation omitted).

[30] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008) (recognizing that the failure to establish one of the four preliminary injunction elements obviates the need to address the other elements); *Highlands Ranch Neighborhood Coal. v. Cater*, No. 16-CV-01089-RM, 2016 WL 8737775, at *6 (D. Colo. Dec. 7, 2016) (denying the plaintiff's motion for a preliminary injunction for failure to establish one of the four required elements and concluding that the court need not decide whether the plaintiff met its burden on the other three elements); *Johnson v. Miller*, No. CIV-09-263-C, 2009 WL 2591681, at *2 (W.D. Okla. Aug. 20, 2009) (denying the plaintiff's motion for a preliminary injunction for failure to show a substantial likelihood of success on the merits of his claims and not addressing the remaining three elements).

Mr. Biers fails to show that he has a substantial likelihood of prevailing on the merits of his claims. In fact, despite asserting a multitude of claims, Mr. Biers does not provide any element-by-element analysis establishing his likelihood of success as to even a single asserted claim. Instead, Mr. Biers makes the conclusory arguments that: (1) the "evidence" he has submitted "establishes more than a substantial likelihood that [he] will succeed on the merits regarding the lawful occupant to tribal, judicial office and the related harassment to deprive employment rights and destroy or hide government record[s] and documents";[31] and (2) "[t]here is a substantial likelihood that [he] will prevail on the merits as the only lawful" Chief Tribal Judge for the Tribe.[32] Obtaining the extraordinary relief of a preliminary injunction requires much more analysis than simply arguing that the "facts" show that Mr. Biers will prevail on his claims generally.[33]

Further, Mr. Biers's factual arguments in support of his unspecified causes of action fail for a lack of support. Although Mr. Biers claims to have submitted "evidence" to support his arguments, he relies exclusively upon the factual allegations in his complaint and the allegations in his sworn declaration. Importantly, the overwhelming majority of those allegations are

---

[31] ECF No. 7 at 11 of 140.

[32] *Id.*

[33] *Escobar v. Mora*, No. 06-CV-01222-CMA-KLM, 2011 WL 588710, at *5 (D. Colo. Jan. 7, 2011) (concluding that the plaintiff failed to show that he had a substantial likelihood of succeeding on the merits of his claims because he "merely state[d] that his 'likelihood of winning judgment in this action is overwhelming,'" which was "clearly inadequate" to support a motion for a preliminary injunction (citation omitted)), *report and recommendation adopted*, No. 06-CV-01222-CMA-KLM, 2011 WL 588211 (D. Colo. Feb. 9, 2011); *Johnson*, 2009 WL 2591681, at *2 (denying the plaintiff's motion for a preliminary injunction for failure to show a substantial likelihood of success on the merits of his claims because he "provided no evidence, other than his own conclusions, in support of his claim").

conclusory and lack any evidentiary support. For those reasons, Mr. Biers fails to establish a substantial likelihood of success on the merits of his claims. Therefore, he is not entitled to issuance of a preliminary injunction, and the court need not address the remaining elements.[34] Accordingly, Mr. Biers's motion for a preliminary injunction should be denied.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, Mr. Biers fails to establish the required elements for issuance of a preliminary injunction. Therefore, the court HEREBY RECOMMENDS that Mr. Biers's motion for a preliminary injunction[35] be DENIED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[36] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[37] Failure to object may constitute waiver of objections upon subsequent review.

---

[34] Even if the court were to address the remaining elements in detail, the court would conclude that Mr. Biers fails to establish them because his arguments on those elements are likewise conclusory and lack evidentiary support. *Andrews v. Andrews*, 160 F. App'x 798, 799 (10th Cir. 2005) (recognizing that the right to injunctive relief must be clear and unequivocal and concluding that the plaintiffs' "rambling, vague, and conclusory submissions" did not satisfy that standard because it was "not possible to gauge in a meaningful way any one of" the elements for injunctive relief, "much less conclude with the requisite conviction that they collectively warrant the relief requested"); *Blango v. Thornburgh*, 942 F.2d 1487, 1493 (10th Cir. 1991) (concluding that the district court did not abuse its discretion in denying the petitioner's request for a preliminary injunction because the "[p]etitioner's arguments to the district court in support of his request" on all four elements "were merely conclusory reiterations of the requirements for an injunction couched in the form of declarative statements").

[35] ECF No. 7.

[36] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

DATED this 17th day of February 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge