# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are: (1) Defendants Davis Gonzales, Juan Arevalo, Thalia Marin, Suzanna R. Sandoval, and Larry Yeager's (collectively, "Group 1 Defendants") motion to dismiss pro se Defendant Steven J. McDade's ("Mr. McDade") crossclaim;[2] (2) Defendant Darian Stanford's ("Mr. Stanford") two motions to dismiss Mr. McDade's crossclaim;[3] (3) Defendants Andrea Woods, Angela Mendez, Alice Tybo, Duane Garcia, Joseph Holley, Tammy J. Carrera, Tanya Reynolds, Wendell D. Hayes, and Jeffrey Scott Sypolt's (collectively, "Group 2 Defendants") motion to dismiss Mr. McDade's crossclaim;[4] (4) Mr. McDade's

---

[1] ECF No. 10.

[2] ECF No. 348.

[3] ECF No. 354; ECF No. 358.

[4] ECF No. 357.

crossclaim against David Carrera ("Mr. Carrera"); (5) Mr. McDade's motion for a preliminary injunction and for an extension of time to amend his crossclaim;[5] (6) Mr. McDade's second motion for a preliminary injunction;[6] and (7) Mr. McDade's motion to amend his second motion for a preliminary injunction.[7] Based upon the analysis set forth below, the court recommends: (1) granting the Group 1 Defendants' motion to dismiss, Mr. Stanford's first motion to dismiss, and the Group 2 Defendants' motion to dismiss; (2) dismissing Mr. McDade's crossclaim against Mr. Carrera sua sponte; (3) denying as moot Mr. Stanford's second motion to dismiss; and (4) denying Mr. McDade's motions.

## BACKGROUND

Pro se Plaintiff Samuel L. Biers ("Mr. Biers") filed his complaint in this case in May 2022.[8] Mr. Biers's factual allegations are almost entirely dedicated to a chronological history of events spanning from January 2019 to April 2022. Mr. Biers alleges that he served as the Tribal Administrator for the Te-Moak Tribe of Western Shoshone Indians ("Tribe") and was later appointed as Chief Tribal Judge for the Tribe.[9] Mr. Biers contends that he was improperly removed from his position of Chief Tribal Judge because of efforts he undertook as the Tribal Administrator to report criminal activities taking place within the Tribe and because of allegedly defamatory statements others made about his past conduct and criminal background.[10] With

---

[5] ECF No. 363.

[6] ECF No. 387.

[7] ECF No. 389.

[8] ECF No. 5.

[9] *See generally id.*

[10] *See generally id.*

respect to the criminal activities he attempted to report, Mr. Biers alleges that the defendants named in his complaint are involved in a conspiracy to illegally sell and distribute marijuana.[11] Mr. Biers further alleges that in the course of that conspiracy, the named defendants have, among other things, fraudulently concealed and misappropriated the income from the illegal sale and distribution of marijuana, illegally used and misappropriated federal funds to aid in the illegal sale and distribution of marijuana, and paid bribes to avoid criminal prosecution and to aid in the passing of laws to legalize the sale of marijuana on the Tribe's land.[12]

In response to Mr. Biers's complaint, Mr. McDade, proceeding pro se, filed a motion to dismiss on September 23, 2022.[13] The court subsequently denied without prejudice numerous motions to dismiss Mr. Biers's complaint, including Mr. McDade's motion, and dismissed Mr. Biers's complaint with leave to amend.[14] Mr. Biers has not yet filed an amended complaint.

On August 10, 2023, Mr. McDade filed his crossclaim against the Group 1 Defendants, Mr. Stanford, the Group 2 Defendants, and Mr. Carrera.[15] The allegations in Mr. McDade's crossclaim are based upon a series of events occurring between 2018 and 2022.[16] Although his allegations are difficult to decipher, Mr. McDade appears to allege that the Group 1 Defendants, Mr. Stanford, the Group 2 Defendants, and Mr. Carrera prevented Mr. McDade from running for a particular council position, improperly created tribal courts, and attempted to keep a cannabis

---

[11] *See generally id.*

[12] *See generally id.*

[13] ECF No. 104.

[14] ECF No. 350; ECF No. 365.

[15] ECF No. 344.

[16] *See generally id.*

store open.[17] Mr. McDade also alleges that he was assaulted by an individual who is not a party to this case[18] and that the Group 1 Defendants, Mr. Stanford, the Group 2 Defendants, and Mr. Carrera "conspir[ed] to commit [a]ssault[,] resulting in injury, use of deadly force, false arrest[,] and false imprisonment."[19] Based upon those allegations, Mr. McDade asserts causes of action under 18 U.S.C. §§ 241 and 242.[20] In addition to his crossclaim, Mr. McDade has filed a motion for a preliminary injunction and for an extension of time to amend his crossclaim,[21] a second motion for a preliminary injunction,[22] and a motion to amend his second motion for a preliminary injunction.[23]

The Group 1 Defendants, Mr. Stanford, and the Group 2 Defendants have all moved to dismiss Mr. McDade's crossclaim.[24] Mr. Carrera has not yet appeared in this case.

## ANALYSIS

Based upon the following analysis, the court recommends: (I) granting the Group 1 Defendants' motion to dismiss, Mr. Stanford's first motion to dismiss, and the Group 2 Defendants' motion to dismiss; (II) dismissing Mr. McDade's crossclaim against Mr. Carrera sua sponte; (III) denying as moot Mr. Stanford's second motion to dismiss; and (IV) denying Mr. McDade's motions. Each issue is addressed in order below.

---

[17] *Id*. at 2-9.

[18] *Id*. at 9-14.

[19] *Id*. at 15.

[20] *Id*. at 1, 15-19.

[21] ECF No. 363.

[22] ECF No. 387.

[23] ECF No. 389.

[24] ECF No. 348; ECF No. 354; ECF No. 357; ECF No. 358.

I. **The Court Should Grant the Group 1 Defendants' Motion to Dismiss, Mr. Stanford's First Motion to Dismiss, and the Group 2 Defendants' Motion to Dismiss.**

The court should grant the Group 1 Defendants' motion to dismiss, Mr. Stanford's first motion to dismiss, and the Group 2 Defendants' motion to dismiss. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[25] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations . . . must be enough to raise a right to relief above the speculative level.'"[26]

For the following reasons, the instant motions to dismiss should be granted. First, Mr. McDade's standalone crossclaim is not a proper pleading. Fed. R. Civ. P. 7(a), which governs permitted pleadings, provides:

> Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.[27]

Additionally, Fed. R. Civ. P. 13(g), which governs crossclaims, states: "A *pleading* may state as a crossclaim any claim by one party against a coparty . . . ."[28] Finally, Fed. R. Civ. P. 12(a)(1)(B) indicates that "[a] party must serve an answer to a . . . crossclaim within 21 days after being

---

[25] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[26] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (first alteration in original).

[27] Fed. R. Civ. P. 7(a)(1)-(7).

[28] Fed. R. Civ. P. 13(g) (emphasis added).

served with the *pleading* that states the . . . crossclaim."[29] Thus, a standalone crossclaim is not a permissible pleading. Instead, a crossclaim must be asserted in a pleading as defined by Rule 7(a), such as an answer.[30] Because Mr. McDade did not assert his crossclaim in that manner, it is an impermissible pleading.

Second, even if Mr. McDade's crossclaim were a permissible pleading, it still would not be proper under Rule 13(g), which provides:

> A pleading may state as a crossclaim any claim by one party against a coparty *if the claim arises out of the transaction or occurrence that is the subject matter of the original action* or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the *coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant*.[31]

As demonstrated by the background recited above, the substance of Mr. McDade's crossclaim is entirely unrelated to the substance of Mr. Biers's complaint. Therefore, Mr. McDade's crossclaim does not "arise[] out of the transaction or occurrence that is the subject matter of the original action."[32] Further, nowhere in Mr. McDade's crossclaim does he indicate that the Group 1 Defendants, Mr. Stanford, or the Group 2 Defendants are somehow liable "for all or part of a

---

[29] Fed. R. Civ. P. 12(a)(1)(B) (emphasis added).

[30] *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 810 (3d Cir. 1992) (stating that Rule 12 and Rule 13 "require that cross-claims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer"); *In re Cessna Distributorship Antitrust Litig.*, 532 F.2d 64, 67 n.7 (8th Cir. 1976) (providing that "[a] cross-claim must be stated in a pleading" and that "it is not itself a pleading"); *State Farm Mut. Auto. Ins. Co. v. Mathis*, No. 09-CV-0308-CV3-TLW, 2009 WL 5065685, at *1 (N.D. Okla. Dec. 16, 2009) ("[A] crossclaim must be stated in a pleading, and . . . a standalone crossclaim is not itself a pleading. Therefore, in general, a crossclaim must be asserted in an answer.").

[31] Fed. R. Civ. P. 13(g) (emphasis added).

[32] *Id.*

claim asserted in the action against" Mr. McDade.[33] Thus, even if permissible, Mr. McDade's crossclaim is not proper under Rule 13(g).

Third, even if Mr. McDade's crossclaim were a proper pleading, the statutes upon which he bases his crossclaim—18 U.S.C. §§ 241 and 242—do not provide a private right of action.[34] This is true even if his crossclaim could be liberally construed as asserting claims under 42 U.S.C. § 1983.[35]

Finally, because Mr. McDade did not file timely oppositions to any of the motions to dismiss, they are unopposed.[36] Thus, the court may grant the motions without further notice.[37]

---

[33] *Id.*

[34] *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (providing that there is no private right of action under 18 U.S.C. §§ 241 and 242); *Larsen v. Larsen*, 671 F. Supp. 718, 719 (D. Utah 1987) (same).

[35] *Clements v. Chapman*, 189 F. App'x 688, 692 (10th Cir. 2006) (providing that § 1983 does not permit a plaintiff to pursue violations of criminal statutes).

[36] The court acknowledges that Mr. McDade filed two oppositions. ECF No. 366; ECF No. 394. However, both of those oppositions were untimely. All the motions to dismiss currently before the court were filed in August 2023. ECF No. 348; ECF No. 354; ECF No. 357; ECF No. 358. Under DUCivR 7-1(a)(4)(A)(iii), any opposition to a motion brought under Rule 12(b) "must be filed within 28 days after service of the motion." Mr. McDade's oppositions were not filed until October 13, 2023, and February 2, 2024. ECF No. 366; ECF No. 394. Because those oppositions were untimely, the court need not consider them, even though Mr. McDade is proceeding pro se. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992))). However, even if the court were to consider Mr. McDade's oppositions, his arguments do not alter the court's analysis of the motions to dismiss currently before the court.

[37] DUCivR 7-1(f) ("Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice.").

For all those reasons, the court should grant the Group 1 Defendants' motion to dismiss, Mr. Stanford's motion to dismiss, and the Group 2 Defendants' motion to dismiss. Because it is conceivable that Mr. McDade could properly assert a crossclaim after Mr. Biers files an amended complaint, Mr. McDade's crossclaim against the Group 1 Defendants, Mr. Stanford, and the Group 2 Defendants should be dismissed without prejudice.

## II. The Court Should Dismiss Mr. McDade's Crossclaim Against Mr. Carrera Sua Sponte.

Mr. McDade's crossclaim against Mr. Carrera should be dismissed sua sponte under Rule 12(b)(6) for failure to state claims upon which relief can be granted.[38] Although the United States Court of Appeals for the Tenth Circuit "disfavor[s] . . . sua sponte dismissals . . . , [it] has held that such a dismissal under Rule 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [him] an opportunity to amend [his claims] would be futile."[39] "When this standard is met, the district court is not required to grant leave to amend," even for a pro se plaintiff.[40]

---

[38] In analyzing Mr. McDade's crossclaim for sua sponte dismissal under Rule 12(b)(6), the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," id., and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[39] Knight v. Mooring Cap. Fund, LLC, 749 F.3d 1180, 1190 (10th Cir. 2014) (quotations and citation omitted); see also Jones v. Bowers, 737 F. App'x 846, 848 (10th Cir. 2018) (same); McKinney v. Okla. Dep't of Hum. Servs., 925 F.2d 363, 365 (10th Cir. 1991) (same).

[40] Bowers, 737 F. App'x at 848; see also Knight, 749 F.3d at 1190 ("[E]ven though pro se parties generally should be given leave to amend, it is appropriate to dismiss without allowing amendment where it is obvious that the plaintiff cannot prevail on the facts [he] has alleged and it would be futile to give [him] an opportunity to amend." (quotations and citation omitted)).

For the same reasons set forth above in the court's analysis of the motions to dismiss, Mr. McDade's crossclaim against Mr. Carrera fails to state claims upon which relief can be granted. Additionally, because a standalone crossclaim is not a permissible pleading, it would be futile to provide Mr. McDade with an opportunity to amend his crossclaim. Therefore, Mr. McDade's crossclaim against Mr. Carrera should be dismissed sua sponte. However, as stated above, because it is possible Mr. McDade could properly assert a crossclaim after Mr. Biers files an amended complaint, Mr. McDade's crossclaim against Mr. Carrera should be dismissed without prejudice.

### III. The Court Should Deny as Moot Mr. Stanford's Second Motion to Dismiss.

The court should deny as moot Mr. Stanford's second motion to dismiss. On August 25, 2023, Mr. McDade filed a document that was captioned as an objection to a Report and Recommendation.[41] Because the substance of that document was not entirely clear, Mr. Stanford moved to dismiss it in the event the court construed it as an amended crossclaim.[42] The court subsequently construed the document as an objection to a Report and Recommendation, which the court overruled.[43] Accordingly, Mr. Stanford's second motion to dismiss is unnecessary and, therefore, should be denied as moot.

### IV. The Court Should Deny Mr. McDade's Motions.

As noted above, Mr. McDade's motions that are currently before the court request a preliminary injunction, permission to amend his second motion for preliminary injunction, and

---

[41] ECF No. 355.

[42] ECF No. 358.

[43] ECF No. 365.

an extension of time to amend his crossclaim. As shown in order below, the court should deny Mr. McDade's requests for a preliminary injunction because he fails to demonstrate the required elements for issuance of such an injunction. Additionally, the court should deny his request to amend his second motion for a preliminary injunction because the rule upon which he relies to support his request—Fed. R. Civ. P. 15—does not provide for amendment of a motion. Finally, the court should deny Mr. McDade's request for an extension of time to amend his crossclaim because his crossclaim is not a permissible pleading that can be amended and because an extension of time is unnecessary given that he has not yet filed a responsive pleading to Mr. Biers's forthcoming amended complaint.

    A.  <u>The Court Should Deny Mr. McDade's Requests for a Preliminary Injunction.</u>

Mr. McDade's requests for a preliminary injunction should be denied because he fails to satisfy the required elements for issuance of such an injunction. To be entitled to a preliminary injunction under Fed. R. Civ. P. 65, the moving party must establish the following four elements: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."[44] "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."[45]

---

[44] *Dine Citizens Against Ruining Our Env't v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quotations and citation omitted).

[45] *Id.* (quotations and citation omitted).

In his requests for a preliminary injunction, Mr. McDade fails to address any of those elements. For that reason alone, his requests should be denied. Further, even if he had addressed the required elements, his requests should be denied because, based upon the analysis of his crossclaim set forth above, he cannot demonstrate a substantial likelihood of prevailing on the merits of his crossclaim. Thus, the court need not address the remaining elements.[46] For those reasons, Mr. McDade's requests for a preliminary injunction should be denied.

### B. The Court Should Deny Mr. McDade's Request to Amend His Second Motion for a Preliminary Injunction.

The court should deny Mr. McDade's request to amend his second motion for a preliminary injunction. Although Mr. McDade relies upon Rule 15 to support his request to amend, that rule provides that "[a] party may amend its *pleading*" but contains no mention of the ability to amend a motion.[47] Because Mr. McDade fails to cite any other authority that would permit him to amend a prior motion, his request to amend his second motion for a preliminary injunction should be denied.

---

[46] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008) (recognizing that the failure to establish one of the four preliminary injunction elements obviates the need to address the other elements); *Highlands Ranch Neighborhood Coal. v. Cater*, No. 16-CV-01089-RM, 2016 WL 8737775, at *6 (D. Colo. Dec. 7, 2016) (denying the plaintiff's motion for a preliminary injunction for failure to establish one of the four required elements and concluding that the court need not decide whether the plaintiff met its burden on the other three elements); *Johnson v. Miller*, No. CIV-09-263-C, 2009 WL 2591681, at *2 (W.D. Okla. Aug. 20, 2009) (denying the plaintiff's motion for a preliminary injunction for failure to show a substantial likelihood of success on the merits of his claims and not addressing the remaining three elements).

[47] Fed. R. Civ. P. 15(a)(1) (emphasis added).

  C. <u>The Court Should Deny Mr. McDade's Request for an Extension of Time to Amend His Crossclaim</u>.

Mr. McDade's request for an extension of time to amend his crossclaim should be denied because, first, his standalone crossclaim is not a permissible pleading and, therefore, cannot be amended under Rule 15. Second, because the court has recommended dismissing Mr. McDade's crossclaim without prejudice, and because he has not yet filed a responsive pleading to Mr. Biers's forthcoming amended complaint, granting Mr. McDade an extension of time to reassert any crossclaim in that responsive pleading is unnecessary. If Mr. Biers files his amended complaint, then Mr. McDade can respond in any way he deems necessary, including asserting a proper crossclaim in an answer. Accordingly, Mr. McDade's request for an extension of time to amend his crossclaim should be denied.

**RECOMMENDATION**

Based upon the foregoing analysis, the court HEREBY RECOMMENDS:

1. The Group 1 Defendants' motion to dismiss,[48] Mr. Stanford first motion to dismiss,[49] and the Group 2 Defendants' motion to dismiss[50] be GRANTED, and Mr. McDade's crossclaim against those Defendants be DISMISSED WITHOUT PREJUDICE.

2. Mr. McDade's crossclaim against Mr. Carrera be DISMISSED WITHOUT PREJUDICE sua sponte.

---

[48] ECF No. 348.

[49] ECF No. 354.

[50] ECF No. 357.

3. Mr. Stanford second motion to dismiss[51] be DENIED AS MOOT.

4. Mr. McDade's motions[52] be DENIED.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[53] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[54] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 26th day of February 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[51] ECF No. 358.

[52] ECF No. 363; ECF No. 387; ECF No. 389.

[53] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[54] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).