# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are pro se Plaintiff Samuel L. Biers's ("Mr. Biers"): (I) "Motion and Memoranda in Support of Taking Judicial Notice or, Alternatively, For Determination of Tribal Law";[2] and (II) "Motion and Memoranda in Support of Taking Judicial Notice of Adjudicative Facts."[3] Each motion is addressed in order below. Based upon the following analysis, Mr. Biers's first motion is denied, and his second motion is granted in part and denied in part.

---

[1] ECF No. 10.

[2] ECF No. 300.

[3] ECF No. 342.

I.  **The Court Denies Mr. Biers's "Motion and Memoranda in Support of Taking Judicial Notice or, Alternatively, For Determination of Tribal Law."**

Mr. Biers asks the court to take judicial notice of information in documents attached to his first motion, which are: (1) the Constitution of The Te-Moak Tribe of Western Shoshone Indians ("Tribe"), (2) the Te-Moak Law and Order Code, (3) an Update Report from the Solicitor General of the United States, (4) a notice the Tribe sent to the United States, and (5) two resolutions from the Te-Moak Tribal Council.[4] The court denies Mr. Biers's first motion because the court cannot take judicial notice of the information in those documents.

Fed. R. Evid. 201(b) allows a court to "judicially notice a fact that is not subject to reasonable dispute." Such facts are those that are "generally known within the trial court's territorial jurisdiction,"[5] or those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[6] As shown below, Mr. Biers fails to establish either of those requirements.

Mr. Biers fails to demonstrate—or even argue—that the documents attached to his first motion contain information that is generally known within this court's jurisdiction. Further, legal principles and information related to the Tribe—which is in Elko, Nevada—are not the type of information that meets that standard. Accordingly, the information contained in those documents is not the type of information that is subject to judicial notice under Rule 201(b)(1).

Mr. Biers's first motion fares no better with respect to the requirements of Rule 201(b)(2). With the exceptions discussed below, the documents attached to Mr. Biers's first motion do not

---

[4] ECF No. 300 at 3-5, 8-47.

[5] Fed. R. Evid. 201(b)(1).

[6] Fed. R. Evid. 201(b)(2).

have any supporting sources, which makes it impossible for the court to verify the authenticity of the documents. Accordingly, the information in those documents is not from sources whose accuracy cannot reasonably be questioned. As for the documents with a supporting source, that source is a website that contains the following disclaimer: "Although every effort is made to present current and accurate information, if you need an official version of the tribe's laws, please contact the tribe."[7] If the source Mr. Biers cites does not purport to contain the official versions of the relevant documents, it is not a source whose accuracy cannot reasonably be questioned. Thus, Mr. Biers fails to demonstrate that the information in the documents attached to his first motion is subject to judicial notice under Rule 201(b)(2).

Because Mr. Biers fails to show that the information in the documents attached to his first motion satisfies either of the requirements of Rule 201(b), that information is not subject to judicial notice.[8] Therefore, the court denies Mr. Biers's first motion.

## II. The Court Grants in Part and Denies in Part Mr. Biers's "Motion and Memoranda in Support of Taking Judicial Notice of Adjudicative Facts."

In his second motion, Mr. Biers asks the court to take judicial notice of certain State of Nevada administrative proceedings ("Administrative Proceedings") and a decision rendered in the Administrative Proceedings ("Administrative Decision"). With respect to the Administrative Proceedings, Mr. Biers asks the court to take judicial notice of the evidence, legal arguments, and

---

[7] *Approved Ordinances for the Te-Moak Tribe of Western Shoshone*, National Indian Law Library, https://narf.org/nill/codes/temoakcode/index.html (last visited Mar. 12, 2024).

[8] As an alternative to his request that the court take judicial notice of the information contained in the documents attached to his first motion, Mr. Biers asks the court to "make a determination regarding the force and effect of the Te-Moak Tribal laws presented" in his motion. ECF No. 300 at 5. Mr. Biers provides no legal authority that would permit the court to make such a determination in the context of his motion. Therefore, the court declines to do so.

findings of fact from the Administrative Proceedings. The court grants Mr. Biers's motion to the extent it asks the court to judicially notice the fact that the Administrative Proceedings occurred and the existence of the Administrative Decision. However, the court denies the motion to the extent it asks the court to judicially notice anything beyond that.

Rule 201 permits the court to take judicial notice of facts that are a matter of public record.[9] Additionally, a court may take judicial notice "of the proceedings of another tribunal," but, when doing so, "it generally takes notice of the fact that they happened—not the truth of any conclusions drawn by the other tribunal."[10]

Because they are matters of public record, the court will judicially notice the fact that the Administrative Proceedings occurred and the existence of the Administrative Decision. However, the court will not judicially notice the evidence, legal arguments, and findings of fact from the Administrative Proceedings "because that would essentially undermine the doctrine of collateral estoppel and be contrary to the Federal Rules of Evidence."[11] Accordingly, the court grants in part and denies in part Mr. Biers's second motion.[12]

---

[9] *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (providing that the court may "take judicial notice of its own files and records, as well as facts which are a matter of public record" (quotations and citation omitted)).

[10] *Asphalt Trader Ltd. v. Beall*, No. 1:17-CV-00015-HCN, 2019 WL 4932748, at *2 (D. Utah Oct. 7, 2019).

[11] *Timpanogos Tribe v. Conway*, No. 2:00-CV-734 TC, 2005 WL 8176199, at *4 (D. Utah Jan. 24, 2005).

[12] Mr. Biers also requests that the court determine the admissibility of the facts that are the subject of his second motion. The court declines to make that premature determination in the context of a motion for judicial notice. *Sheedy v. BSB Props., LC*, No. 2:13-CV-290-JNP, 2016 WL 6902636, at *1 (D. Utah Feb. 12, 2016) (denying a motion in limine for judicial notice of administrative proceedings and stating that "[t]he court defers all specific evidentiary rulings on these matters until trial where they may be raised in a context that is better suited to determining

**ORDER**

Based upon the foregoing analysis, the court HEREBY ORDERS:

1. Mr. Biers's "Motion and Memoranda in Support of Taking Judicial Notice or, Alternatively, For Determination of Tribal Law"[13] is DENIED.

2. Mr. Biers's "Motion and Memoranda in Support of Taking Judicial Notice of Adjudicative Facts"[14] is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

DATED this 12th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

whether the material may be introduced into evidence in accordance with the Federal Rules of Evidence").

[13] ECF No. 300.

[14] ECF No. 342.