# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Samuel L. Biers's ("Mr. Biers") motion for sanctions.[2] Based upon the analysis set forth below, the court denies Mr. Biers's motion.

## BACKGROUND

Defendants The Te-Moak Tribe of Western Shoshone Indians ("Tribe"), Andrea Woods, Angela Mendez, Alice Tybo, Duane Garcia, Joseph Holley, Tammy J. Carrera, Tanya Reynolds, Wendell D. Hayes, and Jeffrey Scott Sypolt ("Mr. Sypolt") (collectively, "Tribal Defendants") previously moved to dismiss Mr. Biers's complaint in this case.[3] In support of their motion, the

---

[1] ECF No. 10.

[2] ECF No. 310.

[3] ECF No. 233.

Tribal Defendants argued, among other things, that they were entitled to tribal sovereign immunity and that the court lacked personal jurisdiction over the individual Tribal Defendants.[4]

Subsequently, Mr. Biers filed the motion currently before the court, in which he requests sanctions against the Tribal Defendants and their counsel, Mr. Sypolt and Rod N. Andreason ("Mr. Andreason").[5] Although his motion is difficult to follow, Mr. Biers appears to raise several bases for his motion. First, Mr. Biers contends that the Tribal Defendants, Mr. Sypolt, and Mr. Andreason failed to disclose in the Tribal Defendants' prior filings the existence of an adverse authority—namely, a September 30, 2022 decision issued by the United States Department of the Interior, Bureau of Indian Affairs ("BIA"), which Mr. Biers filed as a notice of supplemental authority.[6] According to Mr. Biers, that decision ("BIA Decision") "rejected" a faction (which includes several of the individual Tribal Defendants) "as the governing authority for the Tribe."[7] Mr. Biers asserts that the Tribal Defendants, Mr. Sypolt, and Mr. Andreason should have disclosed that information because it is "an adverse authority impacting their claims and assertions."[8] In particular, it appears that Mr. Biers believes that the BIA Decision directly conflicts with the Tribal Defendants' assertion of tribal sovereign immunity.

---

[4] The court subsequently denied without prejudice numerous motions directed at Mr. Biers's complaint, including the Tribal Defendants' motion, and dismissed Mr. Biers's complaint with leave to amend. ECF No. 350; ECF No. 365. Mr. Biers has not yet filed an amended complaint.

[5] ECF No. 310.

[6] ECF No. 305.

[7] ECF No. 310 at 3.

[8] *Id*. at 4.

Second, Mr. Biers contends that the Tribal Defendants, Mr. Sypolt, and Mr. Andreason made several "false or materially misleading statements" in the Tribal Defendants' filings.[9] Specifically, Mr. Biers asserts that it was false or misleading for the Tribal Defendants, Mr. Sypolt, and Mr. Andreason to: (1) dispute Mr. Biers's claim that Mr. Sypolt had been disbarred by the Te-Moak Supreme Court; (2) assert that none of Mr. Biers's claims in this case are directed at Mr. Sypolt's activities in this forum; and (3) contend that Mr. Sypolt had never worked out of the Salt Lake City, Utah office of a law firm. The last two of those assertions appear to be directed at the Tribal Defendants' argument concerning personal jurisdiction.

Based upon those allegations, Mr. Biers contends that sanctions are warranted against the Tribal Defendants, Mr. Sypolt, and Mr. Andreason under the court's inherent authority, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11. The Tribal Defendants, Mr. Sypolt, and Mr. Andreason oppose Mr. Biers's motion.[10]

## ANALYSIS

As shown below: (I) sanctions against the Tribal Defendants, Mr. Sypolt, and Mr. Andreason are not warranted under either the court's inherent authority or § 1927; and (II) the court cannot impose Rule 11 sanctions because Mr. Biers failed to serve his motion on the Tribal

---

[9] *Id*. at 13.

[10] ECF No. 316. Mr. Biers filed a reply in support of his motion for sanctions, but it was filed after the deadline for doing so and included new evidence. ECF No. 324. The Tribal Defendants, Mr. Sypolt, and Mr. Andreason filed an objection to the reply, ECF No. 325, arguing that the reply was untimely and improperly proffered new evidence. DUCivR 7-1(a)(4)(D)(ii), (b)(3). The court sustains the objections and declines to consider Mr. Biers's reply memorandum in ruling on the instant motion.

Defendants, Mr. Sypolt, and Mr. Andreason prior to filing it, as required by Rule 11(c). Therefore, the court denies Mr. Biers's motion.

I. **Sanctions Are Not Warranted Under either the Court's Inherent Authority or § 1927.**

The conduct of the Tribal Defendants, Mr. Sypolt, and Mr. Andreason about which Mr. Biers complains does not justify the imposition of sanctions under either the court's inherent authority or § 1927. Federal courts have "the inherent power to sanction a party if it acts in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' including 'willful[ ] abuse [of the] judicial processes.'"[11] Additionally, federal courts may rely on § 1927 to sanction counsel. Under § 1927, a court may impose sanctions against counsel who "multipl[y] the proceedings in any case unreasonably and vexatiously."[12] More specifically, § 1927 sanctions may be imposed against counsel who, among other things: (1) "intentionally act without a plausible basis"; (2) engage in "conduct that, viewed objectively, manifests either intentional or reckless disregard of [counsel]'s duties to the court"; (3) act "recklessly or with indifference to the law"; (4) engage in conduct that is "bent on misleading the court"; and (5) "act[] in the teeth of what [counsel] know[] to be the law."[13]

As shown in order below, it was not sanctionable conduct for the Tribal Defendants, Mr. Sypolt, and Mr. Andreason to: (A) fail to disclose the existence of the BIA Decision; (B) dispute

---

[11] *Lundahl v. Halabi*, 600 F. App'x 596, 607 (10th Cir. 2014) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)) (alterations in original).

[12] 28 U.S.C. § 1927; *see also Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008) (providing that § 1927 was designed "to compensate victims of abusive litigation practices").

[13] *Braley v. Campbell*, 832 F.2d 1504, 1511-13 (10th Cir. 1987) (quotations and citations omitted); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998).

Mr. Biers's claim that Mr. Sypolt had been disbarred by the Te-Moak Supreme Court; (C) assert that none of Mr. Biers's claims in this case are directed at Mr. Sypolt's activities in this forum; and (D) contend that Mr. Sypolt had never worked out of a Salt Lake City, Utah office of a law firm. Accordingly, the court denies Mr. Biers's motion for sanctions under the court's inherent authority and § 1927.

      A.  <u>Failing to Disclose the Existence of the BIA Decision Is Not Sanctionable Conduct</u>.

The Tribal Defendants, Mr. Sypolt, and Mr. Andreason did not engage in sanctionable conduct by failing to disclose the existence of the BIA Decision because it is not, as Mr. Biers claims, "an adverse authority"[14] that conflicts with the Tribal Defendants' assertion of tribal sovereign immunity. As noted above, Mr. Biers argues that a portion of the BIA Decision "rejected" a faction (which includes several of the individual Tribal Defendants) "as the governing authority for the Tribe."[15] In support of that assertion, Mr. Biers points to a portion of the BIA Decision, which states that, at the time of the decision, the BIA "[did] not recognize the last undisputed council as the tribal governing body" of the Tribe.[16] Mr. Biers's argument fails because, ironically, his reference to that selective portion of the BIA Decision misrepresents the substance of the BIA Decision.

The BIA Decision did not, as Mr. Biers contends, reject any specific faction as the governing body of the Tribe. Instead, it provided that the BIA "[did] not have any authority to become involved" in resolving "internal tribal issues" related to the governing body of the Tribe

---

[14] ECF No. 310 at 4.
[15] *Id*. at 3.
[16] ECF No. 305 at 4 of 5.

5

and "[did] not see any justification to interfere with [the] intra-tribal dispute" concerning the proper governing body of the Tribe.[17] The BIA Decision goes on to state that the BIA "[was] not deciding the underlying intra-tribal dispute on the merits" and that the BIA was "declining to recognize" any faction "as the legitimate governing body of" the Tribe.[18] Importantly, even the selected portion of the BIA Decision to which Mr. Biers cites, when quoted in full, supports that reading of the BIA Decision. Although that portion of the BIA Decision does state that the BIA "[did] not recognize the last undisputed council as the tribal governing body" of the Tribe, that passage goes on to state that the BIA was doing so "pending tribal resolution of these issues."[19]

Thus, the BIA Decision did not reject any faction as the governing body of the Tribe. Instead, when read in proper context, it stated the BIA's position that the BIA would not become involved in deciding that issue. Consequently, the BIA Decision was not an adverse authority impacting the Tribal Defendants' assertion of tribal sovereign immunity, and, therefore, failure to disclose it is not sanctionable under either the court's inherent authority or § 1927.

B. <u>Disputing Mr. Biers's Claim That Mr. Sypolt Had Been Disbarred by the Te-Moak Supreme Court Is Not Sanctionable Conduct</u>.

Disputing that Mr. Sypolt had been disbarred by the Te-Moak Supreme Court is not sanctionable conduct. Importantly, Mr. Biers already raised this argument in his objection to this court's order granting Mr. Sypolt's motion for pro hac vice admission when Mr. Biers argued that Mr. Sypolt's motion should have been denied because the disbarment was not disclosed in the

---

[17] *Id*.

[18] *Id*.

[19] *Id*.

6

motion.[20] District Judge Howard C. Nielson, Jr. overruled that objection, in part because "the purported disbarment by the Te-Moak Supreme Court was imposed by [Mr. Biers] . . . and appears to implicate the dispute at issue in this case regarding the membership of that tribal court."[21] Judge Nielson also noted that "it appears that the purported disbarment was reported to the Supreme Court of Illinois, but no disciplinary action was taken against Mr. Sypolt."[22]

Given that Mr. Biers's argument concerning the disclosure of the purported disbarment has been rejected by the court, it could not have been sanctionable conduct for the Tribal Defendants, Mr. Sypolt, and Mr. Andreason to maintain that position in a filing by stating that the purported disbarment was a "baseless, false, and bad faith claim."[23] Therefore, the Tribal Defendants, Mr. Sypolt, and Mr. Andreason's conduct cannot subject them to sanctions under either the court's inherent authority or § 1927.

  C. Asserting That None of Mr. Biers's Claims in This Case Are Directed at Mr. Sypolt's Activities in This Forum Is Not Sanctionable Conduct.

The Tribal Defendants, Mr. Sypolt, and Mr. Andreason are not subject to sanctions for asserting in the Tribal Defendants' motion to dismiss that none of Mr. Biers's claims in this case are directed at Mr. Sypolt's activities in Utah, and, therefore, the court lacks personal jurisdiction. Mr. Biers contends that the assertion is false because he has alleged in his complaint that Mr. Sypolt's conduct was directed at residents of Utah. At its base, Mr. Biers's argument shows nothing more than a disagreement about issues of fact and how the law of personal

---

[20] ECF No. 241.

[21] ECF No. 262.

[22] *Id*.

[23] ECF No. 281 at 3.

jurisdiction should be applied in this case. Legitimate factual and legal disagreements cannot form the basis for the imposition of sanctions under either the court's inherent authority or § 1927.[24]

### D. Contending That Mr. Sypolt Had Never Worked out of a Salt Lake City, Utah Office of a Law Firm Is Not Sanctionable Conduct.

Asserting that Mr. Sypolt had never worked out of a Salt Lake City, Utah office of a law firm is not sanctionable conduct. In support of his argument on this issue, Mr. Biers again relies on the allegations in his complaint, as well as "new proof" in the form of documents showing that Mr. Sypolt had a meeting in Utah with an individual from the United States Department of Interior.[25] Mr. Biers's argument falls well short of demonstrating that sanctions are appropriate.

Again, the fact that there is a disagreement about the allegations in Mr. Biers's complaint is not surprising. Further, the new evidence Mr. Biers provides does nothing to demonstrate that Mr. Sypolt ever worked out of a Salt Lake City, Utah office of a law firm. It shows only that Mr. Sypolt had one meeting with an individual in Utah. Thus, the Tribal Defendants, Mr. Sypolt, and Mr. Andreason's assertion that Mr. Sypolt had never worked out of a Salt Lake City, Utah office of a law firm is not sanctionable conduct under either the court's inherent authority or § 1927.

---

[24] Mr. Biers also argues that one of the Tribal Defendants, Mr. Sypolt, and Mr. Andreason's assertions on this issue is not supported by a citation to the complaint. ECF No. 233 at 10 (stating that Mr. Biers "fails to provide any allegations as to how the individual Tribal Defendants purposefully directed activities at residents of Utah (which [Mr. Biers] admits he is not [*see* Complaint, ¶ 1])"). At worst, the court views this as a citation error. As with disagreements about facts and the application of law, such an error—which is commonplace in litigation—simply cannot form the basis for the imposition of sanctions.

[25] ECF No. 310 at 7.

**II.     Rule 11 Sanctions Cannot Be Imposed Because Mr. Biers Failed to Serve His Motion for Sanctions Prior to Filing It.**

Mr. Biers failed to serve his motion for sanctions on the Tribal Defendants, Mr. Sypolt, and Mr. Andreason prior to filing it, as required by Rule 11(c). Consequently, the court cannot impose sanctions under Rule 11. A Rule 11 motion for sanctions "must be served . . . , but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[26] The Advisory Committee Notes to the 1993 amendment to Rule 11 further provide:

> The motion for sanctions is not . . . to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.[27]

The United States Court of Appeals for the Tenth Circuit requires strict adherence to the safe-harbor provision of Rule 11(c).[28]

---

[26] Fed. R. Civ. P. 11(c)(2).

[27] Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

[28] *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012) ("This court has held that it is an abuse of discretion to grant Rule 11 sanctions if the defendant did not comply with the safe-harbor provision."); *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006) (concluding that the district court abused its discretion in granting a Rule 11 motion for sanctions when the motion was filed without complying with the safe-harbor provision).

Mr. Biers does not contend that he served his motion on the Tribal Defendants, Mr. Sypolt, and Mr. Andreason prior to filing it. Instead, Mr. Biers appears to contend that his notice of supplemental authority containing the BIA Decision constituted compliance with the safe-harbor provision of Rule 11(c). That argument fails because the Tenth Circuit has held that service of the actual motion for sanctions is required for compliance with the safe-harbor provision and that service of other documents cannot serve as a substitute.[29] Because Mr. Biers did not serve his motion for sanctions prior to its filing, the court cannot impose sanctions on the Tribal Defendants, Mr. Sypolt, and Mr. Andreason under Rule 11.

## ORDER

Based upon the foregoing analysis, the court DENIES Mr. Biers's motion for sanctions.[30]

IT IS SO ORDERED.

DATED this 28th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[29] *Roth*, 466 F.3d at 1192 (providing that "the plain language of [Rule 11(c)] requires a copy of the actual motion for sanctions to be served on the person(s) accused of sanctionable behavior at least twenty-one days prior to the filing of that motion" and that service of other documents "cannot be deemed an adequate substitute for . . . the service of the motion itself").

[30] ECF No. 310.