# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Defendant Steven J. McDade's ("Mr. McDade") motion for sanctions.[2] For the reasons set forth below, the court denies Mr. McDade's motion.

Mr. McDade moves for sanctions against Defendants The Te-Moak Tribe of Western Shoshone Indians, Andrea Woods, Angela Mendez, Alice Tybo, Duane Garcia, Joseph Holley, Tammy J. Carrera, Tanya Reynolds, Wendell D. Hayes, and Jeffrey Scott Sypolt ("Mr. Sypolt") (collectively, "Tribal Defendants"), as well as against the Tribal Defendants' counsel, Mr. Sypolt and Rod N. Andreason ("Mr. Andreason"). Although his motion is not entirely clear, Mr. McDade appears to request sanctions under 18 U.S.C. §§ 1621 and 1623 on behalf of pro se

---

[1] ECF No. 10.

[2] ECF No. 319.

Plaintiff Samuel L. Biers ("Mr. Biers"), who filed his own motion for sanctions against the Tribal Defendants, Mr. Sypolt, and Mr. Andreason,[3] which the court denied.[4] The Tribal Defendants, Mr. Sypolt, and Mr. Andreason oppose Mr. McDade's motion.[5] Importantly, in his reply in support of his motion, Mr. McDade indicates that he "never asked for [sanctions for] himself" and that "he simply supported [Mr. Biers's] motion for [s]anctions."[6]

Because Mr. McDade lacks third-party standing to request sanctions on behalf of Mr. Biers, the court denies Mr. McDade's motion. "The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance."[7] The United States Supreme Court has "adhered to the rule that a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"[8] The Supreme Court has recognized, however, "that there may be circumstances where it is necessary to grant a

---

[3] ECF No. 310. In addition to his own motion for sanctions, Mr. Biers filed numerous documents in support of Mr. McDade's motion, including: (1) objections to evidence in the Tribal Defendants, Mr. Sypolt, and Mr. Andreason's opposition to Mr. McDade's motion; (2) a notice of correction to those objections; (3) a reply memorandum to the Tribal Defendants, Mr. Sypolt, and Mr. Andreason's opposition to Mr. McDade's motion; and (4) a response to the Tribal Defendants, Mr. Sypolt, and Mr. Andreason's objection to Mr. Biers's reply memorandum. ECF No. 331; ECF No. 332; ECF No. 334; ECF No. 339. Because the underlying motion was filed by Mr. McDade, it was improper for Mr. Biers to file any documents in support of that motion. DUCivR 7-1(a)(4)(D)(i)-(iii) (providing for the filing of a "motion," a "response to a motion," and a "reply"); DUCivR 7-1(a)(9) ("Unless otherwise ordered, the court will not consider additional memoranda."). Therefore, the court declines to consider any of Mr. Biers's submissions on Mr. McDade's motion.

[4] ECF No. 403.

[5] ECF No. 328.

[6] ECF No. 330 at 1.

[7] *Kowalski v. Tesmer*, 543 U.S. 125, 128 (2004).

[8] *Id.* at 129 (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

third party standing to assert the rights of another."⁹ In order to have third-party standing, a party must satisfy the two requirements for such standing.¹⁰ "First, [the Supreme Court has] asked whether the party asserting the right has a close relationship with the person who possesses the right. Second, [the Supreme Court has] considered whether there is a hindrance to the possessor's ability to protect his own interests."¹¹

Under those requirements, Mr. McDade does not have third-party standing to request sanctions on behalf of Mr. Biers. First, Mr. McDade has not established—or even argued—that he has a close relationship with Mr. Biers. To the contrary, Mr. Biers has asserted claims against Mr. McDade in this case. Second, there is no hindrance to Mr. Biers requesting sanctions to protect his own interests. In fact, Mr. Biers filed his own motion for sanctions against the Tribal Defendants, Mr. Sypolt, and Mr. Andreason. Because Mr. McDade fails to satisfy the requirements for third-party standing, he cannot request sanctions on behalf of Mr. Biers.¹² Therefore, the court DENIES Mr. McDade's motion for sanctions.¹³

---

⁹ *Id.* at 129-30.

¹⁰ *Id.* at 130.

¹¹ *Id.* (quotations and citations omitted).

¹² Even if Mr. McDade had third-party standing, his motion would fail for two reasons. First, the statutes under which he seeks sanctions—18 U.S.C. §§ 1621 and 1623—are criminal statutes that do not provide for private enforcement. *Clements v. Chapman*, 189 F. App'x 688, 690, 692 (10th Cir. 2006) (providing that there is no private right of action under 18 U.S.C. § 1621); *Sareen v. Sareen*, No. CIVS080176LKKEFBPS, 2008 WL 11450612, at *4 (E.D. Cal. Aug. 28, 2008) (providing that there is no private right of action under 18 U.S.C. §§ 1621 or 1623), *report and recommendation adopted*, No. CIVS08176LKKEFBPS, 2008 WL 11450613 (E.D. Cal. Sept. 29, 2008). Second, the arguments he presents in support of his motion were all raised by Mr. Biers in his motion for sanctions against the Tribal Defendants, Mr. Sypolt, and Mr. Andreason, ECF No. 310, which the court denied. ECF No. 403. For the same reasons the court denied Mr. Biers's motion for sanctions, the court would likewise deny Mr. McDade's motion for sanctions.

¹³ ECF No. 319.

IT IS SO ORDERED.

DATED this 28th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge