## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court, | REPORT AND RECOMMENDATION |
| Plaintiff, | |
| v. | Case No. 2:22-cv-00298-HCN-JCB |
| DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al., | |
| Defendants. | District Judge Howard C. Nielson, Jr. |
| | Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C.

§ 636(b)(1)(B).[1] Before the court are numerous Defendants' motions to dismiss for failure to

prosecute.[2] Also before the court is the issue of dismissing this case sua sponte as a sanction for

failure to prosecute. Based upon the analysis set forth below, the court recommends that the

relevant Defendants' motions to dismiss be granted and that this case be dismissed with prejudice

for failure to prosecute.

### BACKGROUND

Pro se Plaintiff Samuel L. Biers ("Mr. Biers") filed his complaint in this case in May

2022.[3] Mr. Biers's factual allegations are almost entirely dedicated to a chronological history of

---

[1] ECF No. 10.

[2] ECF Nos. 415-416, 418, 421-25.

[3] ECF No. 5.

events spanning from January 2019 to April 2022. Mr. Biers alleges that he served as the Tribal

Administrator for the Te-Moak Tribe of Western Shoshone Indians ("Tribe") and was later

appointed as the Tribe's Chief Tribal Judge.[4] Mr. Biers contends that he was improperly removed

from his position of Chief Tribal Judge because of efforts he undertook as the Tribal

Administrator to report criminal activities taking place within the Tribe and because of allegedly

defamatory statements others made about his past conduct and criminal background.[5] With

respect to the criminal activities he attempted to report, Mr. Biers alleges that the defendants

named in his complaint are involved in a conspiracy to illegally sell and distribute marijuana.[6]

Mr. Biers further alleges that in the course of that conspiracy, the named defendants have, among

other things, fraudulently concealed and misappropriated the income from the illegal sale and

distribution of marijuana, illegally used and misappropriated federal funds to aid in the illegal

sale and distribution of marijuana, and paid bribes to avoid criminal prosecution and to aid in the

passing of laws to legalize the sale of marijuana on the Tribe's land.[7]

      In response to Mr. Biers's complaint, numerous Defendants filed motions directed at the

complaint. On September 27, 2023, the court denied without prejudice all those motions and

dismissed Mr. Biers's complaint with leave to amend.[8] Mr. Biers then moved the court to

---

[4] *See generally id.*

[5] *See generally id.*

[6] *See generally id.*

[7] *See generally id.*

[8] ECF No. 365.

reconsider that decision,[9] and the court denied his motion.[10] On November 14, 2023, the court

ordered Mr. Biers to file his amended complaint on or before December 14, 2023, and warned

him that his failure to do so would result in the court recommending that this case be

dismissed.[11]

Mr. Biers appealed the dismissal of his original complaint to the United States Court of

Appeals for the Tenth Circuit on November 22, 2023.[12] Subsequently, he filed a motion to stay:

(1) this case until the resolution of his appeal and certain other cases; and (2) the December 14,

2023 deadline to file his amended complaint.[13] Soon thereafter, the court granted Mr. Biers's

second request and stayed the deadline for Mr. Biers to file his amended complaint pending the

court's decision on Mr. Biers's first request.[14] The court also indicated that, at the appropriate

time, it would set a new deadline for Mr. Biers to file his amended complaint.

On February 5, 2024, the Tenth Circuit dismissed Mr. Biers's appeal based upon lack of

jurisdiction.[15] Consequently, numerous Defendants moved to set a deadline for Mr. Biers to file

his amended complaint.[16] Those Defendants asked the court to set that deadline given the Tenth

---

[9] ECF No. 368.

[10] ECF No. 371.

[11] ECF No. 375.

[12] ECF No. 378.

[13] ECF No. 382.

[14] ECF No. 383.

[15] ECF No. 395.

[16] ECF No. 406.

Circuit's dismissal of Mr. Biers's appeal. They also provided evidence showing that the other cases cited in Mr. Biers's motion to stay either had been resolved or were moot.

On April 12, 2024, the court granted Defendants' motion and denied as moot the remainder of Mr. Biers's motion to stay.[17] The court set a deadline of May 3, 2024, for Mr. Biers to file his amended complaint. The court specifically warned Mr. Biers that it would not grant any extensions of that deadline absent a showing of compelling, extraordinary circumstances. Additionally, the court specifically warned Mr. Biers that his failure to file an amended complaint by that deadline would result in the court recommending that this case be dismissed with prejudice.

On April 22, 2024, Mr. Biers moved for, among other things, a one-month extension of the deadline for filing his amended complaint.[18] The court denied Mr. Biers's motion on April 30, 2024, concluding that he failed to establish good cause to extend the deadline under Fed. R. Civ. P. 6(b)(1)(A).[19] Mr. Biers filed neither timely objections to that order under Fed. R. Civ. P. 72(a) nor an amended complaint by the May 3, 2024 deadline.

**ANALYSIS**

The relevant Defendants' motions to dismiss should be granted, and this case should be dismissed with prejudice based upon Mr. Biers's failure to prosecute. Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, Rule 41(b) "has

---

[17] ECF No. 408.

[18] ECF No. 410.

[19] ECF No. 412.

long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[20] A court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[21] Further, "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice . . . ."[22]

Although the court may dismiss a case with prejudice for failure to prosecute, it "is a harsh remedy, and the . . . court should ordinarily first consider certain criteria."[23] In *Ehrenhaus v. Reynolds*, the Tenth Circuit identified the following factors that should ordinarily be considered in determining whether dismissal with prejudice is an appropriate sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;" "(3) the culpability of the litigant"; "(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance"; and "(5) the efficacy of lesser sanctions."[24] "These factors do not constitute a rigid test; rather, they represent criteria

---

[20] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

[21] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

[22] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[23] *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

[24] 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citations omitted).

for the district court to consider prior to imposing dismissal as a sanction."[25] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[26] As shown below, each factor weighs in favor of dismissing this case with prejudice based upon Mr. Biers's failure to prosecute. Therefore, the court recommends that the relevant Defendants' motions to dismiss be granted and that this case be dismissed with prejudice.

First, Mr. Biers's failure to prosecute has imposed a high degree of prejudice on the Defendants who have appeared in this case. Those Defendants have patiently waited while this case has slowly progressed, only to now be held hostage by Mr. Biers's decision to prosecute this case only when it is convenient for him. Mr. Biers is reminded that he chose to initiate this case and, as such, has a duty to prosecute it.

Second, Mr. Biers's failure to prosecute this case has caused a great deal of interference with the judicial process. Mr. Biers's failure to timely file an amended complaint has brought this case to an unnecessary halt. Further, given Mr. Biers's decision to pursue a meritless appeal and the stay of this case resulting from that appeal, there has been no operative complaint in this case for over eight months.

Third, there is no indication that anyone other than Mr. Biers is culpable for his failure to timely amend his complaint as ordered by the court. As evidenced by his previously filed motion to extend the deadline for filing his amended complaint, Mr. Biers's failure to meet the deadline is based, at least in part, upon logistical issues and difficulties that were the result of his own

---

[25] *Id.*

[26] *Id.* (quotations and citation omitted).

6

choices and his admission that he has not checked the docket in this case regularly. That conduct shows a lack of a good faith interest in prosecuting this case.

Fourth, as indicated in the background recited above, Mr. Biers was specifically warned on at least two occasions that his failure to timely file an amended complaint would result in a recommendation that this case be dismissed. Further, one of those warnings notified Mr. Biers that the recommended dismissal would be with prejudice.

Finally, any lesser sanctions, such as monetary sanctions, would not be effective here. No such sanctions would be sufficient to punish Mr. Biers for his interference with and abuse of the judicial process in this case, including his failure to timely file an amended complaint as ordered by the court. Further, because Mr. Biers is proceeding in forma pauperis in this case, monetary sanctions would not have any efficacy. As shown above, each of the *Ehrenhaus* factors weighs in favor of dismissing this case with prejudice. Therefore, the court recommends that the relevant Defendants' motions to dismiss be granted and that this case be dismissed with prejudice.

### RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS:

1.      The relevant Defendants' motions to dismiss for failure to prosecute[27] be

        GRANTED.

2.      This case be DISMISSED WITH PREJUDICE for failure to prosecute.

---

[27] ECF Nos. 415-416, 418, 421-25.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[28] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[29] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of May 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[28] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[29] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).