Julianne P. Blanch, USB #4368
Abigail M. Dizon-Maughan, USB #14436
Whitney E. McKiddy, USB #17585
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
ecf@parsonsbehle.com
jblanch@parsonsbehle.com
ADM@parsonsbehle.com
wmckiddy@parsonsbehle.com

*Attorneys for Defendants Davis Gonzales, Juan Arevalo, Kevin Clock, Thalia Marin, Suzanna R. Sandoval, and Larry Yeager*

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

---

| | |
|---|---|
| SAMUEL L. BIERS, an individual and Chief Tribal Judge of the Te-Moak Supreme Court,<br><br>Plaintiff,<br><br>v.<br><br>DENTONS US LLP, a Utah entity, dba Dentons, Durham, Jones, Pinegar P.C.; et al.,<br><br>Defendants. | **DEFENDANTS DAVIS GONZALES, JUAN AREVALO, THALIA MARIN, SUZANNA SANDOVAL, KEVIN CLOCK, AND LARRY YEAGER'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>Case No. 2:22-cv-00298-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Local Rule DUCivR 7-1(a) and Federal Rule of Civil Procedure 41(b), Defendants Davis Gonzales, Juan Arevalo, Thalia Marin, Suzanna Sandoval, Kevin Clock, and Larry Yeager (collectively, "**Defendants**") submit the following Motion to Dismiss for Failure to Prosecute (the "**Motion**").

**RELIEF SOUGHT AND GROUNDS THEREFORE**

Defendants respectfully move to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff Samuel Biers has failed to prosecute this action by not filing an amended pleading for over eight months. More importantly, Mr. Biers failed to file an amended complaint by the May 3, 2024 deadline set by the Court, even after the Court warned him that it would "not grant any extensions of that deadline absent a showing of compelling, extraordinary circumstances" and that his "failure to file an amended complaint by that deadline will result in this court recommending that this case be dismissed with prejudice."[1] For this reason, the action should be dismissed with prejudice against Defendants.

**RELEVANT FACTS**

Mr. Biers initiated this action over two years ago, on May 3 2022.[2] In response to his Complaint, Defendants filed two motions to dismiss.[3] On September 27, 2023, the Court dismissed Mr. Biers' Complaint with leave to amend and denied Defendants' motions to dismiss without prejudice.[4] This Order adopted the Report and Recommendation, recommending the Complaint be dismissed because it failed to comply with Federal Rule of Civil Procedure 8 and warning Mr. Biers "that his amended complaint must comply with Rule 8 or be subject to dismissal with prejudice under Rule 41(b)."[5] After denying Mr. Biers motion to reconsider that decision,[6] the

---

[1] Dkt. 408.

[2] Dkt. 5.

[3] Dkt. 231, 232.

[4] Dkt. 365.

[5] Dkt. 350.

[6] Dkt. 371.

Court ordered Mr. Biers to file his amended complaint on or before December 14, 2023.[7] The Court later stayed this deadline until resolution of Mr. Biers' appeal to the Tenth Circuit.[8]

The appeal was resolved on February 5, 2024, when the Tenth Circuit dismissed it for lack of jurisdiction.[9] Defendants then jointly filed a motion asking the Court to set a deadline for Mr. Biers to file his amended Complaint.[10] On April 12, 2024, the Court granted the Defendants' Motion and set a deadline of May 3, 2024 for Mr. Biers to file an amended Complaint.[11] Mr. Biers has not filed an amended complaint by that deadline.[12] On May 30, 2024, Judge Bennett recommended the Court grant various defendants' motions to dismiss for failure to prosecute and that the case be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[13]

## ARGUMENT

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Dismissal for failure to prosecute is the 'standard' way to clear 'deadwood from the courts' calendars' resulting from a [plaintiff's] 'prolonged and unexcused delay.'" *Sadler v. Tooele Cnty. Det. Ctr.*, No. 2:22-CV-22-HCN, 2024 WL 2725476, at *1 (D. Utah May 28, 2024) (quoting *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988)).

---

[7] Dkt. 375.

[8] Dkt. 383.

[9] Dkt. 395.

[10] Dkt. 406.

[11] Dkt. 408.

[12] *See* Dkt. 428 at 4.

[13] Dkt. 428.

When dismissal is with prejudice—either by its terms or in effect—the Court must consider "(1) the degree of actual prejudice to [Defendants]," (2) "the amount of interference with the judicial process," (3) the litigant's culpability, (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction, and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). These factors each support dismissal with prejudice here. Mr. Biers has repeatedly failed to comply with court orders and the Court's clear notice to him of the consequences of his failure to comply. Most recently, Mr. Biers failed to file an amended complaint by the May 3, 2024 deadline set by the Court, even after the Court warned him that it would "not grant any extensions of that deadline absent a showing of compelling, extraordinary circumstances" and that his "failure to file an amended complaint by that deadline will result in this court recommending that this case be dismissed with prejudice."[14] Further, this case has continued for over nine months without an operative pleading. In that time, Mr. Biers and purported cross-claimant Steven McDade[15] filed various motions and responses causing both the Court and the Defendants to incur unnecessary expenses and waste time, all while Mr. Biers has failed to file any operative pleading satisfying the Federal Rules of Civil Procedure.[16] Consistent with Court's May 30, 2024 Report and Recommendation, Defendants ask the Court to dismiss this action against them with prejudice pursuant to Rule 41(b) and are filing this motion to ensure they are covered by the Court's recommendation of dismissal with prejudice.

---

[14] Dkt. 408.

[15] Mr. McDade's Crossclaim was also dismissed by the Court on March 22, 2024. Dkt. 402.

[16] *See*, *e.g.*, 363, 387, 389, 401, 409, 410, 413, 417, 426, 427.

DATED June 3, 2024.

*/s/ Abigail M. Dizon-Maughan*

Julianne P. Blanch
Abigail M. Dizon-Maughan
Whitney E. McKiddy
PARSONS BEHLE & LATIMER

*Attorneys for Defendants Davis Gonzales, Juan Arevalo, Thalia Marin, Suzanna R. Sandoval, Kevin Clock, and Larry Yeager*

**CERTIFICATE OF SERVICE**

On this 3rd day of June, 2024, I hereby certify that I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification and service to all counsel of record, and was mailed as follows:

Samuel L. Biers
1188 Court St., #1
Elko, Nevada 89801

Steven McDade
165 Flora Circle
Spring Creek, NV 89815

*/s/ Abigail M. Dizon-Maughan*